KATHERINE J. SALLINGER *vs.* NATHAN B. SMITH & others.

Middlesex.   March 7, 1906. — June 20, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Board of Health.  Smallpox Hospital.  Landlord and Tenant.  Evidence.*

The board of health of a city which had no hospital for contagious diseases, finding a case of smallpox in the family of one of the tenants of a certain house belonging to a woman, quarantined the building and occupied it for a smallpox hospital, treating forty or more cases there. The board of health caused no warrant to issue under Pub. Sts. c. 80, § 43, which then was in force, to take the building as a hospital, but the owner of the house executed a lease to them for a certain period for a monthly rent named therein which it was stipulated should continue for such further time as the lessees should hold the premises. After the expiration of the term of the lease the monthly rent was increased in amount, the occupation as a hospital continued and the owner of the house continued to receive the rent. Later she brought an action of tort against the members of

the board of health for damages for alleged unlawful occupation of her premises. In this action she offered to show that in executing the lease she did not believe or realize that she was signing away any rights to recover damages and that since the occupation by the defendants her house had been commonly known as "the pest house." The evidence was excluded, and a verdict was ordered for the defendants. *Held,* that the lease and the continued receipt of rent by the plaintiff after its expiration operated as a consent to the occupancy of the house by the defendants for a smallpox hospital and rendered any action by them under the statute unnecessary; that the evidence offered by the plaintiff properly was excluded as incompetent and immaterial; and that the verdict for the defendants was ordered rightly.

MORTON, J. This is an action of tort to recover damages for the alleged unlawful occupation and use of the plaintiff's premises as a smallpox hospital by the defendants as the board of health of the city of Everett. At the close of the evidence the judge ordered a verdict for the defendants, and the case is here on exceptions by the plaintiff to this ruling and to the refusal of the judge to give certain rulings that were requested by her.

We think that the ruling was right. On the twenty-second of November, 1901, the defendants found a case of smallpox in the family of one of the plaintiff's tenants, and thereupon quarantined the plaintiff's premises, and occupied them for a smallpox hospital, — some forty or forty-two cases in all being attended to there. The city of Everett had no hospital for contagious diseases at that time, and the premises were in the control of the defendants till some time in the following September. The defendants had no right to use the plaintiff's premises for a smallpox hospital without her consent, except under a warrant issued in accordance with the provisions of Pub. Sts. c. 80, § 43, which were in force at the time. *Hersey.* v. *Chapin,* 162 Mass. 176. But on the twenty-fourth of December, 1901, the plaintiff executed a lease of the premises to the defendants for the term of three months from November 22 at $36 a month with an option on the part of the lessees to hold for four months from said November 22. The lease provided that the lessees were to pay the rent stipulated during the term and for such further time as the lessees should hold the premises. The rent was subsequently increased to $48 a month from April 22, 1902. It is plain, we think, that the lease and the continued receipt of rent after the expiration of the term named operated as a consent by the plaintiff to the occupancy of the premises by the defendants for a

smallpox hospital and rendered any action by them under the statute unnecessary.

The evidence offered by the plaintiff to show that in executing the lease she did not believe or realize that she was signing away rights to recover damages, and that since November, 1901, the house had been commonly known in Everett as "the pest house" was rightly excluded.

No fraud or misrepresentation was practised upon her and her unexpressed belief and her failure to realize the full scope and effect of what she was doing was incompetent and immaterial. So also was the fact that the house was known as "the pest house."

The view which we have taken of the effect of the lease and the continued payment and receipt of rent renders it unnecessary to consider the rulings requested.

*Exceptions overruled.*

*H. S. Dewey*, for the plaintiff.

*W. S. Thompson*, for the defendants, submitted a brief.