JOSIAH H. BENTON, JR., & another, trustees, *vs.* GEORGE F. WILLIAMS.

Suffolk.　March 8, 1909. — May 21, 1909.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Landlord and Tenant,* Tenancy at sufferance, Tenancy at will.

Where a lease of real estate contains a stipulation for the payment, for such further time after the expiration of the term of the lease as the lessee shall continue to occupy the premises, of the same rent at the same periods as are provided for during the term of the lease, a mere retaining of possession by the lessee after the expiration of the term of the lease, without any agreement expressed or fairly inferable from all the circumstances, makes him a tenant at sufferance.

Statement by RUGG, J., of the nature and incidents of tenancy at sufferance.

Where a lease of real estate contains a stipulation for the payment, for such further time after the expiration of the term of the lease as the lessee shall continue to occupy the premises, of the same rent at the same periods as are provided for during the term of the lease, evidence tending to show continued occupation by the lessee after the expiration of his term with the knowledge and consent of the lessor, and the payment and receipt of rent at the same rate and upon the same rent days as were required by the lease, is sufficient to warrant a finding of the existence of an agreement for a tenancy at will.

CONTRACT for rent. Writ in the Municipal Court of the City of Boston dated October 20, 1906.

On appeal to the Superior Court, the case was heard by *Raymond,* J., without a jury. The facts are stated in the opinion.

At the close of the evidence, the plaintiffs asked the presiding judge to rule as follows:

" 1. Upon all the evidence the defendant was a tenant at will and the plaintiffs as a matter of law are entitled to recover.

" 2. The defendant remaining in possession of the premises leased to him after the termination of his lease and rent being paid quarterly by the defendant and accepted by the plaintiffs after the termination of said lease, created as a matter of law a tenancy at will and the plaintiffs were entitled to a written notice to terminate the tenancy, as provided by statute.

" 3. Upon all the evidence the plaintiffs are entitled to a verdict."

The defendant requested the following rulings :

" 1. After the expiration of the lease the defendant remained on the premises as a tenant at sufferance.

" 2. After the expiration of the lease the mere payment of a quarter's rent by the defendant did not change his tenancy at sufferance to a tenancy at will. . . .

" 4. There must have been an acknowledgment on each side of a tenancy at will or acts constituting what is equivalent thereto on the part of both the plaintiffs and defendant of the intention to consider the defendant a tenant at will, in order to change the tenancy at sufferance to a tenancy at will.

" 5. Upon the facts proved the plaintiffs cannot recover.

" 6. The notice of January 30, 1905, did not change the tenancy at sufferance to a tenancy at will. . . .

" 8. The notice as given on January 30, 1905, if necessary, was sufficient notice of intention to quit from the defendant to the plaintiffs."

The presiding judge refused to rule as requested by the plaintiffs, gave the rulings requested by the defendant, and further ruled " that the defendant did not assent to become a tenant at will and the fact of holding over and payment of rent did not constitute him a tenant at will," and " that, as a matter of law, the defendant was not a tenant at will but was a tenant at sufferance, and not liable to pay rent for the same beyond such time as he actually occupied or detained them, to wit, beyond the month of April, 1905; and that as a matter of law, the facts would not warrant a finding for the plaintiffs."

Accordingly, the judge found for the defendant; and the plaintiffs alleged exceptions.

*G. C. Dickson*, for the plaintiffs.

*J. A. Halloran*, for the defendant.

RUGG, J. This action of contract for the recovery of rent was heard by a judge of the Superior Court without a jury. The material facts were not in dispute. The defendant was the tenant of certain offices in a building belonging to the plaintiffs, under a written lease for a term of three years, which expired on August 31, 1904, and which provided among other matters that the rent reserved was payable quarterly, on the first days of December, May, June and September, and that such rent

should be paid at the same dates for such further time beyond the term as the tenant should hold the premises. After the expiration of the term, the defendant continued to occupy the premises demised in the same way as before the expiration of the lease, and on December 1, 1904, paid to the plaintiffs the quarter's rent from September 1, 1904, to December 1, 1904. Other than this payment, no communication passed between the parties until January 30, 1905, when the defendant gave the plaintiffs written notice that he should quit the offices occupied by him " at the termination of " his " next three months' tenancy on the first of June." Receipt of this notice was acknowledged in writing by the plaintiffs, who expressed regret at losing the defendant " as tenant." On February 27, 1905, the defendant wrote again to the plaintiffs, stating that he had found that in giving his notice of intention to quit he had made a mistake in putting the end of the three months, to which notice was given, as the first of June instead of the first of May, the latter being the date when he expected to leave. This statement not being acceded to by the plaintiffs, on the following day the defendant wrote asserting that he was a tenant at sufferance, and that hence the notice already given was sufficient. On or about March 1, 1905, the defendant paid the rent for the quarter ending on that day, and on April 29 that for the month of April. He vacated the premises before May 1, and this action concerns the rent for the month of May.

The trial judge ruled that upon these facts, as matter of law, the plaintiffs were not entitled to recover, and that the facts would not warrant a finding for the plaintiffs, and that the defendant was a tenant at sufferance, and not a tenant at will. He decided the case as matter of law, and did not submit it to himself as the tribunal authorized to pass on the facts. The correctness of these rulings is challenged. The question thus presented for determination is not whether upon all the evidence a general finding by the magistrate for the defendant might be supported, but whether the rulings of law made were correct. The trial judge did not undertake to find the facts and report questions of law, nor is the case presented by appeal or otherwise upon an agreed statement of facts, nor is it a suit in equity. In such cases the points for decision might be different. *Cun-*

*ningham* v. *Commonwealth Ins. Co.* 200 Mass. 333. *Electric Welding Co.* v. *Prince*, 200 Mass. 386, 392.

The mere holding over, without any agreement, expressed or fairly inferable from all the circumstances, by a tenant after the expiration of a written lease, which contains a stipulation as to the payment of rent beyond the term, constitutes him a tenant at sufferance. *Warren* v. *Lyons*, 152 Mass. 310. *Edwards* v. *Hale*, 9 Allen, 462. This has always been the law of this Commonwealth, and appears to prevail generally, although it is held in New York that the lessor may at his election consider such an one a tenant at will. *Haynes* v. *Aldrich*, 133 N. Y. 287. *Delano* v. *Montague*, 4 Cush. 42. A tenant at sufferance has no estate or title, but only a naked possession, without right and wrongfully, stands in no privity to the landlord, at common law is not liable for rent, is not entitled to notice to quit, and has no action against his landlord or other person entitled to possession, if himself, his family and goods are ejected without unnecessary force. He differs from a trespasser or disseisor only in that his entry upon the premises is not unlawful. His continued occupancy is due wholly to the laches or forbearance of the person entitled to possession in not evicting him. He may leave at any time without notice or liability. No contractual relation (apart from statute) arises out of a possession of such a character. *Curtis* v. *Galvin*, 1 Allen, 215. *Kinsley* v. *Ames*, 2 Met. 29. *Moore* v. *Mason*, 1 Allen, 406. *Kelly* v. *Waite*, 12 Met. 300. *Pratt* v. *Farrar*, 10 Allen, 519. *Merrill* v. *Bullock*, 105 Mass. 486. *Low* v. *Elwell*, 121 Mass. 309. *Appleton* v. *Ames*, 150 Mass. 34, 44. *Mentzer* v. *Hudson Savings Bank*, 197 Mass. 325.

While a tenancy at sufferance can be converted into a tenancy at will only by a contract, such a contract may be inferred from circumstances as well as expressed by formal agreement. *Porter* v. *Hubbard*, 134 Mass. 233, 238. The continued occupation by a tenant after the expiration of his term with the knowledge and consent of his landlord and the payment and receipt of rent at the same rate and upon the same rent days as were required by the lease is evidence sufficient to show an agreement for a tenancy at will. A possession, recognized by the parties as based upon such stated rent payments, is ordinarily inconsistent

with a mere occupancy devoid of any substantial right on the part of the tenant, which characterizes a tenancy by sufferance. But for R. L. c. 129, § 3, which imposes upon a tenant at sufferance liability for rent during his actual detention of the premises, the payment of rent would be so wholly at variance with the legal conception of a tenancy at sufferance as to require a ruling that it was conclusive evidence of a tenancy at will. *Howard* v. *Merriam*, 5 Cush. 563, 571. *Russell* v. *Fabyan*, 34 N. H. 218, 223. *Emmons* v. *Scudder*, 115 Mass. 367. *Dorrell* v. *Johnson*, 17 Pick. 263, 267. See *Sallinger* v. *Smith*, 192 Mass. 317. But in view of that statute the evidence does not seem quite so conclusive as to warrant a ruling as matter of law that the defendant became a tenant at will. It was a fact to be determined in the light of all the testimony and the attendant circumstances whether a contract existed between the parties by fair implication. But the several rulings, to the effect that a finding for the plaintiffs was not warranted, were wrong.

*Exceptions sustained.*