ALBION K. PIERCE *vs.* MORRIS KOLIKOF & another.

Suffolk. January 7, 1919. — March 26, 1919.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Landlord and Tenant,* Tenancy at sufferance. *Evidence,* Competency, Relevancy and materiality.

At the trial of an action for rent alleged to be due from the defendant as a tenant at sufferance, it was found, upon evidence warranting the findings, that, while the defendant had entered the premises originally as a subtenant under one holding as a tenant for years under a lease from the owner, the owner later had entered to terminate that lease for nonpayment of rent and the defendant had recognized the owner as entitled to possession in place of his former landlord and had attorned to him; that thereafter the owner had made a lease in

writing of the premises to the plaintiff, who had notified the defendant thereof and had given to him a notice to quit, and, following that, the defendant, at his request and under agreement with the plaintiff, had been permitted to occupy the premises for the period described in the declaration, and it was *held*, that a finding for the plaintiff was warranted.

Under the circumstances above described, the defendant is liable although the lease of the owner to the defendant's original lessor was never legally terminated.

And, under the same circumstances, the liability of the defendant is not affected by the fact that the plaintiff did not notify the defendant, when he agreed to the defendant's remaining in possession for a period after receiving the notice to quit, that he would be required to pay rent.

Where, at the trial of the action above described, the defendant had testified that he occupied the premises under a sublease in writing from the original lessee, giving details, it was proper to refuse to permit him to answer a further question, as to whether he claimed to occupy under the owner or the plaintiff or "under an adverse title from a third party," or the question, "Under whom did you claim to hold title?"

At the same trial evidence was admissible tending to show that at the time the owner took possession from the lessee, the defendant's landlord, such lessee owed three months' rent, such evidence tending to show that at that time the landlord was entitled to terminate the lease.

The admission in evidence at the same trial of an execution in ejectment proceedings brought by the plaintiff against the defendant where there was evidence that, upon an understanding that the execution would not be served until a date to which he had requested that his possession might be extended, the defendant did not contest such proceedings, was not harmful to the defendant.

CONTRACT for $121.87, alleged to be due as rent for premises numbered 15 and 16 on Washington Street North in Boston for the period from June 14 to July 19, 1917. Writ in the Municipal Court of the City of Boston dated July 19, 1917.

The declaration was in two counts. The first count contained allegations that on June 14, 1917, the plaintiff became lessee of the premises in question under a lease in writing, that at that time the defendants were in possession unlawfully and without right, that the plaintiff immediately gave to the defendants a notice of his lease and demanded possession of the premises, that the defendants continued to occupy to and including the date of the writ, and owed the plaintiff the fair value of the premises for that period, which was $121.87. The second count was upon an account annexed for use and occupation of the premises for the period named.

The defendants' answer, besides a general denial, alleged in substance that they had occupied the premises under a sublease in writing from the McNeil Corporation, who held a lease in

writing from the owner; that on March 16, 1917, "by reason of a failure on the part of the McNeil Corporation to pay its rent in accordance with the stipulation in its written lease," the owner "made an entry of said premises and took possession of same and notified the defendants to pay their rent to" him; that the defendants refused to recognize the title of the owner and entered into an agreement in writing with him whereby he "agreed to recognize the lease as valid which the defendants had entered into with the said McNeil Corporation, and further agreed to receive the rent from the defendants as agent for the said McNeil Corporation and further agreed to protect the defendants in case the McNeil Corporation should attempt to break the defendants' lease by reason of their failure to pay the rent direct to the McNeil Corporation;" that the defendants paid their rent as it became due; that on June 15, 1917, they sent a check for the rent to the owner, who returned it, notifying them of the lease to the plaintiff and of his demanding the premises; that they also received such notice and demand in writing from the plaintiff; that they notified the plaintiff that they held the premises under a lease in writing as above set out; that on June 26, 1917, they by their attorney made an agreement in writing with the plaintiff by his attorney, by a letter hereinafter quoted, and that, excepting as stated in that letter, they never admitted the plaintiff's title and that they never have agreed to pay the plaintiff any rent.

At the trial in the Municipal Court, the evidence was introduced which is described in the opinion. The letter of June 26, 1917, from the plaintiff's attorney to the defendants' attorney followed a conference between one of the defendants and the plaintiff's attorney and was as follows:

"This letter is to confirm the oral understanding reached between us on Saturday last in relation to ejectment proceedings brought by Albion K. Pierce of Cambridge against Morris Kolikof and Joshua Zorokowich co-partners doing business under the firm name and style of Star Dry Goods Company, to obtain possession of premises 15–16 Washington Street in Boston.

"In consideration of your agreements not to enter an appearance or to contest this ejectment proceeding we agree that we will not place the execution in the hands of an officer prior to August 1st, 1917.

"From what Mr. Kolikof has stated to us we trust that the premises will be entirely vacated before August 1st arrives."

On July 9, the plaintiff's attorney again wrote to the defendants' attorney as follows:

"We again refer to our letter to you under date of June 26th, 1917, in respect to the above entitled matter.

"Under date of June 15th, 1917, we wrote to Messrs, Zorokowich and Kolikof returning their check for $108.33, which had been sent to George A. Sawyer to cover use and occupation portion of the premises 15–16 Washington Street North, for the period June 15th, 1917 to July 15th 1917, stating that Mr. Sawyer could not accept this money by reason of the leasing of the property to Mr. Pierce, who was about to begin legal action to gain possession of the premises.

"Various conferences followed after the writing of this letter of June 15th, and it was finally agreed that in consideration of the agreement on your part not to enter an appearance or to contest the ejectment proceedings we would not place the execution for possession in the hands of an officer prior to August 1st, 1917. This agreement, however, did not contemplate any compromise with respect to the payment for use and occupation of the premises by Messrs. Kolikof and Zorokowich, in fact, nothing has ever been said with respect to this occupation, and Mr. Pierce will, of course, not waive the same.

"In view of our recent conversation with you on this subject we felt that we should at once write you about the matter, and notify you that your clients will be held accountable for use and occupation of the above named premises until they actually vacate the same, and we will thank you to please write us by return mail that this arrangement is understood by you."

There was no evidence of a reply to this letter.

The agreement in writing between the owner and the defendants referred to in the answer was as follows:

"$108.33                    Boston, March 16, 1917.

Received of Star Dry Goods Co. one hundred eight and thirty-three one hundredths dollars, being one month's rent of premises at 15 and 16 Washington Street North, Boston, occupied by them, to April 15, 1917, and in consideration of such payment I

hereby guarantee said company against any claim that McNeil Corporation may make for such rent.

(Sgd)  George A. Sawyer,

trustee under will of

John Cowdin."

The defendant Kolikof in direct examination testified that he occupied the premises under a written lease for seven years from the McNeil Corporation. The lease was admitted in evidence. He then was asked whether he occupied the premises under "Mr. Sawyer [the owner] or Mr. Pierce [the plaintiff] or did you claim to occupy them under an adverse title from a third party?" and "Under whom did you claim to hold title?" and "Did you ever occupy said premises as a tenant at will under Mr. Pierce or Mr. Sawyer?" and "Did you pay rent to Sawyer as Sawyer's tenants or in his capacity of agent for the McNeil Corporation?" There was no statement of what answers were expected. The questions were excluded.

The defendants asked for the following rulings, which the judge disposed of as stated.

"1. Upon all the evidence, and the weight of the evidence, the plaintiff cannot recover." "Not given."

"2. In an action for rent for use and occupation against a tenant at sufferance, it is a good defence that the defendants in good faith believed that they had a legal right to occupy the premises in question and claimed to occupy the said premises by an adverse title under a written lease from a third person and denied the plaintiff's title." "Not given; predicated on facts not found by court."

"3. If the tenants entered into possession under a written lease and if they occupied after the termination of said lease, they were there as tenants at sufferance." "Given."

"4. An action for use and occupation requires proof of some agreement, expressed or implied, to pay for the beneficial enjoyment of the premises. It cannot be supported where there has been only an occupation founded on a title which is adverse to and inconsistent with the right claimed by the plaintiff." "Given."

"5. If the defendants in good faith believed that they had a *bona fide* claim to hold the premises by virtue of a lease from the

McNeil Corporation and have never expressly or impliedly agreed to pay rent to the plaintiff, then the plaintiff cannot maintain the action for rent." "Not given; not in accord with facts found."

" 6. That the plaintiff in order to recover for use and occupation must prove some agreement, either expressed or implied, to pay for the beneficial enjoyment of the premises and such action cannot be supported where there has been only an occupation founded on a title which is adverse to and inconsistent with the right claimed by the plaintiff." "Given."

" 7. The fact that the title was in dispute and that the defendants have claimed to occupy under a lease from the McNeil Corporation shows that there was no agreement either expressed or implied by law on which an action of contract for rent can be maintained." "Not given; not in accord with facts found."

" 8. If the trustee George A. Sawyer executed a lease to the plaintiff with the intention of terminating the defendants' tenancy, then the defendants were entitled to a reasonable time to vacate the same, and when the plaintiff gave the defendants forty-eight hours' notice to vacate and the defendant then contended that it would be impossible for them to vacate before August 1, 1917, and the plaintiff gave them until that time without saying anything about rent, and the defendants actually vacated the premises before that time, the plaintiff is not entitled to recover." "Not given; not in accordance with facts found."

" 9. That the evidence of the plaintiff and of Mr. Wright being to the effect that they never intended to create a tenancy between the plaintiff and the defendants and that nothing was said by either of them as to the payment of rent, is *prima facie* evidence that there never was an agreement, either expressed or implied, that the defendants were to pay the plaintiff rent." "Not given; not in accordance with facts found."

" 10. If the evidence proves that the defendants have always claimed to hold said premises under their lease from McNeil Corporation and have denied the plaintiff's title, then the defendants held same by an adverse title and the action for use and occupation cannot be maintained." "Not given; predicated on facts not found by the court."

The judge found for the plaintiff and at the request of the

defendants reported the case to the Appellate Division. The report was dismissed; and the defendants appealed.

*M. H. Steuer,* for the defendants.

*D. B. Pattison,* for the plaintiff.

CROSBY, J. This is an action of contract to recover rent for the use and occupation of three floors of a building. The judge of the Municipal Court of the City of Boston before whom the case was tried found for the plaintiff.

The premises in question were leased by the owner, one Sawyer, to the plaintiff on June 14, 1917, by a written lease for the term of one year; and the plaintiff immediately gave to the defendants notice to quit, and thereafter commenced ejectment proceedings against them under R. L. c. 181. There was evidence that the defendants agreed with the plaintiff that they would not contest the plaintiff's right to recover, but if given until August 1 would vacate the premises. The defendants moved out on July 21, and this action is brought to recover rent from June 14 to July 19.

There was also evidence that the "McNeil Corporation" held a written lease of the entire building for a term of years, and had sublet by a written lease three floors in the building to the defendants, being the same floors described in the lease to the plaintiff; that before the execution of the lease to the plaintiff the owner went to the premises for the purpose of taking possession thereof for breach of the conditions of the lease held by the McNeil Corporation; and that at that time three months' rent was due from that lessee. The defendants contended that, by an agreement with the owner, the latter agreed to receive as agent for the McNeil Corporation the rent due from the defendants which might accrue; and to protect them from any claim for rent which that corporation might make.

It is the contention of the defendants that an action for use and occupation will not lie against them as tenants at sufferance, upon the ground that they denied the plaintiff's title and claimed to occupy under a title adverse to that of the plaintiff; and that they neither expressly nor impliedly promised to pay rent to the plaintiff. There was evidence from which it could have been found that the defendants, after receiving notice to quit, did not occupy the premises under the lease which they held from the McNeil Corporation and that they did not claim so to occupy;

but that after the ejectment proceedings were brought one of the defendants stated to the plaintiff's attorney that it would be impossible for them to vacate immediately and that they desired further time — until August 1 — which was given. If the trial judge found that the defendants at their request were permitted to remain in possession until August 1, they are liable to pay rent for the time they so remained. R. L. c. 129, § 3. *Brown* v. *Magorty,* 156 Mass. 209. *Benton* v. *Williams,* 202 Mass. 189.

There was also evidence that, before the owner leased to the plaintiff, the defendants attorned to the owner by paying him a month's rent, and took a receipt on March 16, 1917, in which the owner recited: "I hereby guarantee said company [the defendants] against any claim that McNeil Corporation may make for such rent." It also appeared that the defendants sent to the owner a check for rent due from June 15, 1917, to July 15, 1917.

Upon all the evidence the court was warranted in finding that the defendants did not claim to occupy under any adverse title, but treated the owner as entitled to possession as against the McNeil Corporation before the lease to the plaintiff was given, and afterwards admitted the right of the plaintiff to possession under his lease and impliedly promised to pay rent for the time which they occupied after receiving notice to quit until they moved out on July 21.

Upon such findings the defendants were liable whether the lease to the McNeil Corporation had been legally terminated or not; and the plaintiff's rights are not affected by the fact that he did not notify the defendants, when he agreed to allow them to remain in possession until August 1, that they would be required to pay rent for the time they so occupied. *Kittredge* v. *Peaslee,* 3 Allen, 235. *Merrill* v. *Bullock,* 105 Mass. 486. *Benton* v. *Williams, supra. Gavin* v. *Durden Coleman Lumber Co.* 229 Mass. 576.

The questions put to the defendant Kolikof in his direct examination were inadmissible and were properly excluded. The evidence offered by the plaintiff, that at the time Sawyer went to take possession of the premises three months' rent was due from the McNeil Corporation, was competent as tending to show that the owner was entitled to terminate its lease. The admission in evidence of the execution issued in the ejectment proceedings did not harm the defendants.

All the requests for rulings not given, except the first, were properly refused because not in accordance with the facts found. The first request that the plaintiff cannot recover, for reasons before stated, was properly refused.   The entry must be

*Order dismissing report affirmed.*