ANNIE NEWMAN *vs.* RAFAEL SUSSMAN.

Suffolk.  March 29, 1921. — June 30, 1921.

Present: RUGG, C. J., DE COURCY, PIERCE, CARROLL, & JENNEY, JJ.

*Landlord and Tenant,* Tenancy at sufferance, Ejectment. *Waiver.*

In a proceeding of summary process brought on a December 4 to recover possession of a suite of rooms occupied by the defendant in a dwelling house owned by the plaintiff, there was evidence that on October 31, when the property was conveyed to the plaintiff, he in writing gave to the defendant, who had been a tenant at will under the previous owner, notification of the termination of his tenancy; that the defendant on November 3 paid the plaintiff the rent for November and on December 3 mailed to him a money order for the amount of the December rent which was not received by him until after the commencement of the proceedings but was retained by him without reservation until the latter part of January, when, while the proceedings were pending in the Superior Court on appeal, the defendant vacated the premises and the plaintiff then cashed the money order. The defendant contended that the retention and later cashing of the money order without reservation constituted a waiver of the notice to vacate. *Held,* that

(1) While it was clear that St. 1919, c. 257, did not prevent the termination of the tenancy by the conveyance, it was assumed that it did extend the time during which the person who had been a tenant at will could not be dispossessed lawfully;

(2) Upon the conveyance of the property the defendant became a tenant at sufferance, and had no right to remain in possession unless an agreement for a new tenancy was made;

(3) The defendant, notwithstanding he was a tenant at sufferance, was liable to pay the rent for the premises and in receiving the money order and cashing it after rent for December became due the plaintiff acted wholly within his rights;

(4) The plaintiff was entitled to recover unless there was evidence warranting a finding that a new tenancy at will had been created;

(5) There was no evidence warranting a finding of the existence of a new tenancy.

SUMMARY PROCESS to recover possession of a suite of rooms in a building in that part of Boston called Roxbury. Writ in the Municipal Court of the Roxbury District of the City of Boston dated December 4, 1919.

On appeal to the Superior Court, the action was tried before *Sanderson*, J. The material facts and instructions given by the judge to the jury are described in the opinion. At the close of the evidence the plaintiff moved that a verdict be ordered in her favor. The motion was denied and the jury returned a verdict for the defendant. The plaintiff alleged exceptions.

*F. Burke*, (*J. P. Bell* with him,) for the plaintiff.

*C. S. Hill*, (*E. P. Benjamin* with him,) for the defendant.

JENNEY, J. The defendant had been a tenant at will of a suite of rooms in a building in the Roxbury district of Boston. On October 31, 1919, his tenancy was terminated without his fault by the conveyance of the property to the plaintiff, who on that day gave to the defendant written notice of the termination. *Lash* v. *Ames*, 171 Mass. 487. *Gavin* v. *Durden Coleman Lumber Co.* 229 Mass. 576. According to the terms of St. 1919, c. 257, no action to recover possession of premises could properly be brought, nor could the defendant be dispossessed until after the expiration of thirty days from the time when he received notice in writing of the termination. However, under this statute he was liable for rent at the same rate theretofore payable by him while a tenant at will for such time during the said period as he occupied or detained the premises. While it is clear that the statute did not prevent the termination of the tenancy by the conveyance, it is assumed that it did extend the time during which the person who had been a tenant at will could not be dispossessed lawfully.

After receipt of the notice, the defendant told the plaintiff that he would move out by December 1, 1919, but he did not do so. There was evidence from the plaintiff that on that day the defendant came to the house where the former was living and offered her an envelope which he said contained rent, but which she refused to take. When the plaintiff, on December 4, 1919, brought the present action in the Municipal Court of the Roxbury District of the City of Boston, she was entitled to the possession of the premises. No ground of defence appears except that the defendant on December 3, 1919, mailed to the plaintiff a money order

for the amount which had theretofore been payable for one month's rent of the premises, which order the plaintiff received and retained until the latter part of January, 1920, when she collected it and thus received an amount sufficient to pay for the occupation of the premises during the month of December at the rate payable by the defendant while a tenant at will. Nothing was due for the time prior to December 1, 1919. The writ was entered, and the action thereafter heard on December 23 and 30, 1919. A finding was made for the plaintiff, in whose favor judgment was entered on January 9, 1920, from which the defendant appealed to the Superior Court. The defendant remained in partial occupancy of the premises until January 8, 1920, when he and his family removed therefrom, leaving his furniture, however, until January 15, 1920. When the case was tried in the Superior Court at the close of the evidence the plaintiff moved for judgment in her favor and excepted to the denial of her motion.

The judge instructed the jury without objection on the part of the defendant, so far as is shown by the record, that the "one issue in this case is whether there was a waiver of such rights as the owner had to terminate this tenancy by reason of the receiving of this money order and at some later date cashing it; that is, unless there has been a waiver by reason of what was done with reference to that money order for the December rent, the plaintiff would be entitled to a verdict in . . . [her] favor;" and further instructed them that he did not understand that "there . . . [was] any claim by the defendant that this money order — whatever effect you may give to that in the end — had been received and accepted before this writ was issued." The case was tried on the sole issue of whether from the receipt and acceptance of the money order the jury could find a waiver of the right of the plaintiff to the possession of the property.

Upon the conveyance of the property the defendant became a tenant at sufferance. This implies that his possession thereof was wrongful except for such time as was necessary, or given under the statute, to remove from the premises. At the end of the period fixed by the statute, the plaintiff was entitled to the possession of the property unless by reason of an express agreement or an agreement implied from the conduct of the parties a new tenancy at will had been created. It was not a case where notice

had been given to terminate a tenancy at will. Such notice could be waived, and when waived left the original tenancy still in existence. See *Collins* v. *Canty*, 6 Cush. 415; *Kimball* v. *Rowland*, 6 Gray, 224. It was, however, a case where the defendant had no right as against the owner of the premises to continue in possession unless an agreement for a new tenancy had been made. *Porter* v. *Hubbard*, 134 Mass. 233. *Benton* v. *Williams*, 202 Mass. 189. The defendant, notwithstanding he was a tenant at sufferance, was liable to pay the rent for the premises, and in receiving it the plaintiff acted wholly within her rights. R. L. c. 129, § 3. G. L. c. 186, § 3. *Merrill* v. *Bullock*, 105 Mass. 486. *Swift* v. *Boyd*, 202 Mass. 26. *Pierce* v. *Kolikof*, 232 Mass. 479. The plaintiff was entitled to recover unless there was evidence warranting a finding that a new tenancy at will had been created. We think that the receipt of the money order for an amount equal to one month's rent in advance, the holding thereof until after said amount was due without any contingency and then cashing the same after the defendant had removed from the premises, was not evidence sufficient to warrant a finding of the existence of a new tenancy. The occupation of the premises was not with the consent of the owner, but was against her protest while she was seeking to enforce her right of possession.

The case is distinguishable from *Benton* v. *Williams, supra,* and *Leavitt* v. *Maykel*, 203 Mass. 506. The plaintiff's motion for a verdict in her favor should have been allowed. The other exceptions need not be considered. The exceptions must be sustained, and judgment entered for the plaintiff under G. L. c. 231, § 123.

*So ordered.*