RALPH W. STAPLES & another *vs.* MARY I. COLLINS.

Essex.    March 3, 1947. — June 11, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Landlord and Tenant*, Tenancy at will, Tenancy at sufferance. *Practice Civil*, Stipulation; Exceptions: whether error shown, contents of bill *Error*, Whether error shown.

On a bill of exceptions, this court could not consider additional facts which the parties attempted to add to the record by a stipulation not approved by the trial judge.

A bill of exceptions, presented to this court by the defendant after a decision for the plaintiff for possession in an action of summary process, did not show error where, although it contained evidence warranting findings that, after the expiration of a lease from the plain-

[1] Attention is called to the rescript without opinion in *Williamstown Savings Bank* v. *Haskins, post*, 751, which treated as waived the only appeal taken from a decree entered by order of *Burns*, J., on August 30, 1946, in a suit which had been filed on August 9, 1945, authorizing the Williamstown Savings Bank to foreclose the mortgage above described. — REPORTER.

tiff to the defendant, the defendant became a tenant at will, and not a mere tenant at sufferance, by his paying and the plaintiff's accepting a month's rent in advance on the first rent day after the expiration, and that no notice to quit had been given, it appeared that there had been before the trial court other evidence, not contained in the bill or otherwise brought to this court, which might have controlled the evidence of a tenancy at will and justified the decision made.

SUMMARY PROCESS. Writ in the District Court of Newburyport dated December 13, 1945.

Upon appeal to the Superior Court, the action was heard by *Goldberg,* J.

*B. J. Lojko,* for the defendant.

*T. S. Herlihy,* for the plaintiff.

QUA, J. At the trial of this action of summary process for the recovery of possession of land in Newburyport these facts were conceded or agreed: In 1943 one Kerkian demised the premises to the defendant by written lease by the terms of which the rent was payable on the first day of each month in advance. The term of the lease expired November 10, 1945. But before that and by October 13, 1945, the plaintiffs had become the owners of the reversion and by letter dated October 17 had notified the defendant of that fact. No notice to quit was given. The rent was paid by the defendant on the first of each month and was accepted by the plaintiffs. The writ in this action is dated December 13, 1945, and the action is brought "in compliance" with a "certificate of eviction" from the Office of Price Administration. The judge found for the plaintiffs for possession.

We cannot consider other alleged facts which the parties have attempted to add to the record by stipulation to which no assent of the trial judge appears. *Carroll* v. *Daly,* 162 Mass. 427, 428. *Tighe* v. *Maryland Casualty Co.* 216 Mass. 459, 460–461. *Goodwin* v. *Walton,* 298 Mass. 451, 452. *Gorey* v. *Guarente,* 303 Mass. 569, 570–571. *Commonwealth* v. *Anderson,* 308 Mass. 370, 371. *Becker* v. *Calnan,* 313 Mass. 625, 628. *Harrington* v. *Anderson,* 316 Mass. 187, 190.

The bill of exceptions states that the plaintiffs "introduced in evidence a petition to the Area Rent Control Office which was marked Exhibit '3' and referred to, and made a part hereof." This exhibit is not printed in the record and it

has not come to us in any form with the record. See G. L.
(Ter. Ed.) c. 231, § 135, as amended; *Ansara* v. *Regan*, 276
Mass. 586, 591. The record before us is incomplete. The
importance of this omission will presently appear.

We treat the defendant's motion that a "verdict" be
directed in her favor, although inappropriate in the absence
of a jury, as a request for a ruling, which was denied by the
judge, that the evidence did not warrant a finding against
her. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499,
500–501. *Commonwealth* v. *Goldberg*, 316 Mass. 563, 564.

When the term of the defendant's lease expired Novem-
ber 10, 1945, the defendant became a tenant at sufferance
only, and as long as she remained such no notice to quit was
required. *Benton* v. *Williams*, 202 Mass. 189, 192. But a
tenancy at sufferance is readily changed into a tenancy at
will by express or implied agreement of the parties. Whether
there has been such agreement is, of course, commonly an
issue of fact. In this case, after the termination of the lease
the defendant paid on December 1, 1945, the regular rent
day, and the plaintiffs accepted, the rent in advance for the
month of December. It is difficult to attribute a payment
and acceptance of rent for a period in advance of occupancy
to mere use and occupation for which a tenant at sufferance
is made liable by G. L. (Ter. Ed.) c. 186, § 3, for such time
only as he "may occupy or detain" the land. Under our
decisions it would seem that such payment and acceptance
of rent, standing alone, are prima facie proof of the creation
of a tenancy at will, *Howard* v. *Merriam*, 5 Cush. 563, 571;
*Benton* v. *Williams*, 202 Mass. 189, 192–193; *Leavitt* v.
*Maykel*, 203 Mass. 506, 510; *Strycharski* v. *Spillane*, 320
Mass. 382, 385; *Jones* v. *Webb*, 320 Mass. 702, 705–706,
and that the facts of payment and acceptance are control-
ling, if nothing further appears. See Tiffany, Landlord &
Tenant, § 210, pages 1481–1482. In *Benton* v. *Williams*,
202 Mass. 189, the rent was not paid in advance. See
page 191. In *Newman* v. *Sussman*, 239 Mass. 283, the owner
of the property did not cash a money order for the rent until
after the expiration of the month for which it was paid. See
page 286. In *Moskow* v. *Robinson*, 276 Mass. 16, there was

evidence in addition to the payment and acceptance of rent.

In the case at bar there was evidence in addition to the payment and acceptance of rent. There was the "petition to the Area Rent Control Office," exhibit 3, which is not before us, and upon which the "certificate of eviction" may have been issued, "in compliance" with which this proceeding was brought. For aught that we know the form of this petition and reasonable inferences that might be drawn from it in connection with the other evidence would warrant findings that before the plaintiffs accepted the rent on December 1, 1945, they had, to the knowledge of the defendant, taken steps to procure the certificate that would allow them to bring this action to put the defendant out, and that the proceeding in the Office of Price Administration had not resulted in final authorization to bring this action until after the rent was paid on December 1. If these facts were found, any prima facie quality in the facts of payment and acceptance of the rent would disappear, and the judge could warrantably find that such payment and acceptance pending proceedings looking to the eviction of the defendant did not imply an agreement of the parties creating a tenancy at will. The case would then resemble *Dennett* v. *Nesson,* 244 Mass. 299.

The burden is upon the defendant as the excepting party to show error. *Barnes* v. *Springfield,* 268 Mass. 497, 504. *Quincy* v. *Wilson,* 305 Mass. 229, 231. *Furbush* v. *Connolly,* 318 Mass. 511, 512. The record as transmitted to us does not show error. It leaves open the possibility that the rulings of the judge on what he had before him were right.

*Exceptions overruled.*