*Northern District*

No. 5133

**MAX KAITZ**

v.

**MAXWELL MEYERS**

(June 18, 1958)

*Present:* ENO, J. (PRESIDING) AND NORTHRUP, J.

Case tried to BROOKS, J., in the First District Court of Eastern Middlesex. No. 4378 of 1956.

*Northrup, J.* This is an action of contract to recover for rent of a dwelling apartment in Winthrop, Mass. from September 1, 1953 to November 15, 1953 at $65.00 per month. The defendant's answer is a general denial and payment. This case is before us on a voluntary report by the trial court under G. L. c. 231, §108.

*At the trial there was evidence tending to show that* on December 24, 1952 the plaintiff was the owner of an apartment house at 90 Shore Drive, Winthrop, Mass. and that on said date the plaintiff leased one of the apartments to the defendant for a term of eight months beginning January 1, 1953 and ending August 31, 1953. The rent stipulated in the lease was $54.00 a month from January 1, through June and $550.00 for the remainder of the term which covered the months of July and August. The leased premises were subject to the Federal Rent Control Act then in force and the maximum monthly rent, as prescribed by the Area Rent Director as of said date, was $54.00. The provisions for payment of $550.00 for the months of July and August was apparently anticipatory in nature and was inferentially subject to the plaintiff's obtaining the approval by the Area Rent Director for seasonal rent at said rate. The lease also included a provision to the effect that in the event that an increase in the rent was allowed by the Area Rent Director that the defendant should be required to pay said increase.

On the same date that the lease was executed, the plaintiff filed with the Area Rent Director a petition seeking an increase in rent for said premises and also sought to have the premises qualify for seasonal rental at $550.00 for the months of July and August. On January 30, 1953 the plaintiff's petition was denied by the Area Rent Director and on March 15, 1953

the plaintiff again petitioned for an increase in rent. On April 10, 1953 the plaintiff's petition was allowed and the rent for said premises was increased to $65.00 a month. On May 6, 1953 the plaintiff again sought to obtain approval by the Area Rent Director of a seasonal rental of $550.00 for said apartment for the months of July and August and on May 25, 1953 the plaintiff's petition was again denied. Thereafter on May 28, 1953 the plaintiff wrote the defendant as follows:

> Dear Mr. Meyers:
>
> You are hereby notified that your tenancy at suite No. 6, 90 Shore Drive, Winthrop, is terminated at the end of that month which commences next after this date.
>
> You are further notified that the rent for this apartment will be $65.00 commencing July 1, 1953. You may again become a tenant and remain in occupancy of this apartment by paying this rent which is established in accordance with the authority granted by the office of Rent Stabilization.
>
> This notice is intended to unequivocally terminate your present tenancy on the date set forth.
>
> Very truly yours,<br>Max Kaitz

The defendant continued to occupy the apartment through July and August paying the increased ceiling rental of $65.00 a month and on August 31, 1953 vacated the premises without notice to the plaintiff. Thereafter on September 4, 1953 counsel for the plaintiff advised the defendant that he would hold the defendant responsible for any loss resulting from failure to give proper notice of his intention to vacate. The plaintiff was unable to rent the apartment until November 15, 1953.

At the conclusion of the evidence and before final argument the defendant duly filed the following requests for rulings:

1. On all the evidence the plaintiff cannot recover.
2. On all the evidence a finding for the defendant is required.
3. There is sufficient evidence to warrant a finding for the defendant.
4. The evidence is insufficient to warrant a finding for the plaintiff.

The court denied all of the aforesaid requests for rulings and made the following findings of fact and rulings of law:

"I find that the defendant was a tenant at will from month to month in view of the fact that the written lease between the parties had become inoperative by reason of the Area Rent Director's disallowance of its most important feature — the item for seasonal rental.

Defendant failed to give proper notice when he vacated the premises and is liable for rent at the rate he had been paying for the period between August 31, 1953 and the time the premises were re-rented — two and one-half months."

The Court found for the plaintiff and assessed damages in the sum of $162.50.

The Trial Court's denial of the defendant's request No. 3 that there was sufficient evidence to warrant a finding for the defendant is in effect a ruling that the plaintiff, on the evidence, was entitled to recover as a matter of law. *Bresnick v. Heath*, 292 Mass. 293, 298; *Marquis v. Messier*, 303 Mass. 553.

There is nothing in the report to bring the case at bar within the exception laid down in *Strong v. Haverhill Electric Co.*, 299 Mass. 455; *Cameron v. Buckley*, 299 Mass. 432 and *Hilemfarb v. Novadel Agene Corp.*, 305 Mass. 446, where such a request was held to be immaterial by reason of the trial court's findings of fact showing that he considered the evidence on the questions of fact presented and that the finding was not made as a matter of law.

In the case at bar there are no such findings of fact on the issues raised by the report. The trial court ruled as a matter of law that the lease became inoperative upon the refusal of the Area Rent Director to approve the plaintiff's petition for seasonal rental of the premises for the months of July and August. The trial court also ruled in effect that the continued occupancy after receipt of the plaintiff's letter and payment of rent by the defendant created a tenancy at will as a matter of law. The correctness of these rulings is the issue raised by the report for our determination.

A tenancy at will however does not arise ipso facto by operation of law, upon the termination of a lease even though the tenant continues to occupy the premises and to pay rent for the same. Such a tenancy can be created only by agreement of the parties express or implied. *William v. Sedar,* 306 Mass. 134; *Benton v. Williams,* 202 Mass. 189; *Porter v. Hubbard,* 134 Mass. 233; *Knowles v. Hull,* 99 Mass. 562.

In *Williams v. Sedar,* supra at page 136 the Court said:

"A tenancy at will arises out of an agreement express or implied by which one uses and occupies the premises of another for a consideration consisting usually of the payment of rent. The relation between the tenant and the landlord is contractual."

Even if we assume that the lease terminated there was no express agreement between the parties for the creation of such a tenancy in the case at bar and if, as the court ruled (in our opinion erroneously) the lease became "inoperative", the question of whether there was an implied agreement between the parties for the creation of a tenancy at will, was a question of fact. The defendant after receipt of the plaintiff's letter of May 28, 1953 did nothing but continue to occupy the premises and to pay

the legal ceiling rent for the same. Such conduct on his part is at least equally as consistent with the proposition that he did so in reliance upon the lease, as it is with the proposition that he thereby agreed to the creation of a tenancy at will. In any event whether or not such a tenancy was created was a question of fact and in our opinion the trial court erred in ruling that a tenancy at will was created as a matter of law. *Benton v. Williams,* 202 Mass. 189, 191.

■ What we have previously said is based upon the assumption that the lease became "inoperative" or terminated upon the refusal of the Area Rent Director to allow the plaintiff's petition for seasonal rental of the premises for the months of July and August. However, we are of the opinion, for the reason hereinafter stated, that the lease between the parties did not become inoperative upon the denial by the Area Rent Director of the plaintiff's petition, but that, subject to the provisions of the Federal Rent Control Act as to the amount of rent payable thereunder, the lease continued in full force and effect until the date provided therein for termination. The absence of any provision in the lease for such termination is significant, and following the reasoning and general language of the court in *Gaston v. Gordon,* 208 Mass. 265, 269, the inference is unavoidable that, if it had been intended to make the whole lease dependent upon the allowance by the Area Rent Director of a seasonal rental for a portion of the term of the lease, a clause to that effect would not have been omitted.

■ Furthermore the Federal Rent Control Act itself contains nothing which warrants the conclusion drawn by the trial court. This act does not purport to legislate as to the substance, nature or validity of an agreement or lease. By its terms it merely prohibits a landlord from demanding, accepting or receiving any rent in excess of that established

by the act. The material part of the act reads as follows:

"No person shall demand, accept or receive any rent for the use or occupancy of any controlled housing accommodation greater than the maximum amount of rent established under the authority of the Emergency Price Control Act . . ."

The act does not purport to declare leases containing agreement for payment of rent in excess of that established by the Director, invalid or inoperative, nor does it purport to legislate as to the legal effect of the same.

In *Dunlap v. Navarro,* 326 Mass. 700 our Court considered the legal effect of the rental provisions of the Federal Housing and Rent Act upon a written lease and, while the facts in that case are not identical with those in the case at bar, the principle of law laid down by the Court is, in our opinion, decisive of the question of law raised herein. In *Dunlap v. Navarro,* supra a written lease for three years was executed by the parties at a monthly rental of $125.00. At the time of the execution of the lease the premises were not subject to federal rent control. During the term of the lease the premises became controlled and the maximum rent allowed for said premises under the Emergency Price Control Act of 1942 was $55.00 a month. On a bill in equity brought by the landlord, for a declaratory decree, the Court held that in spite of the resulting drastic modification of the express terms of the lease, the lessor was not entitled to a cancellation of the lease but that the lease "continued in full force and effect at the reduced rental" (p. 705). Applying the principle adopted by the Court in *Dunlap v. Navarro* supra to the case at bar, it follows that if the drastic modification of a valid and essential term of a lease was insufficient to render such lease inoperative, certainly the Director's refusal to approve and validate

an invalid anticipatory provision could not have that effect.

In *Hanover Estates Inc. v. Dressler*, 56 N.Y.S. 2d 256 the precise question raised in the case at bar was decided by the Court under the New York Emergency Rent Control Act and the Court there held that a provision in a lease, providing for payment of rent in excess of that allowed by the Act, did not invalidate the entire lease but that if affected it only as to the rent which the lessor could collect thereunder. In that case, at page 257, the Court said:

"... any stipulation in a lease or an instrument accompanying it for payment of a rental in excess of that allowed by law, is, *as to the excess*, invalid and of no effect." (italics ours).

All of the other terms of the lease were held by the Court to be valid and binding upon the parties thereto.

Following the reasoning of the foregoing cases, it is our opinion that the provision in the lease in the case at bar for the payment of rent in excess of that established by the Area Rent Director was void as to the excess only, and that the lease remained otherwise in full force and effect until the date of its termination. The letter which the plaintiff sent to the defendant on May 28, 1953 in an effort to create a tenancy at will, was therefore a mere nullity and since the defendant remained a tenant under the lease no notice of his intention to vacate at the termination thereof was required. *Dorrell v. Johnson*, 17 Pick. 263.

In our opinion therefore the defendant's requests Nos. 2, 3, and 4 should have been granted by the trial court and refusal to do so constitutes prejudicial error. Since the allowance of the defendant's request No. 2 to the effect that a finding for the defendant was required, would necessarily have resulted in a finding by the trial court for the defendant, the find-

ing for the plaintiff is to be vacated and a new finding is to be entered for the defendant.

So Ordered.

Lloyd E. Conn, for the plaintiff.
No brief argued for the defendant.