## WILLIAM E. HIXON *v.* BESSIE STARR.

Essex.     March 21, 1922. — July 5, 1922.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & JENNEY, JJ.

*Landlord and Tenant,* Covenant to repair.  *Estoppel.  Agency,* Ratification.

The father of the owner of buildings occupied by a mattress manufacturing business sold the business and without authority gave the purchaser a lease in writing of the buildings containing a covenant by the lessor "to keep the buildings in good repair on the outside." The buildings were subsequently conveyed by the owner to another person, the deed containing the "recital" that the premises were "free from all incumbrances" except a mortgage, taxes and a "certain lease," being the lease above described, and the lessee thereafter paid the rent reserved to the grantee. In an action by the lessee against the grantee for breach of the covenant to repair, there was evidence that the consideration for the purchase of the business by the plaintiff was a deed of other property to the defendant's grantor, the lessor's daughter, and that she knew of the lease about the time that the plaintiff purchased the business and before the conveyance to the defendant, but it did not appear that the defendant's grantor

knew of the lease until after its execution. It further appeared that the defendant knew of the lease at the time of the deed to him and it was assumed that he had notice of its contents. *Held,* that

(1) The evidence did not justify a finding of estoppel based on silence of the defendant's grantor when the lease was given;

(2) The acceptance by the defendant of the deed containing the recital as to the lease did not estop him as against the plaintiff from claiming that he was not bound by the lease;

(3) The deed could not be construed as a ratification of the lease by the lessor's daughter;

(4) Ratification is limited to the adoption of an act purporting to be done, or in fact done, in behalf of the principal;

(5) The payment by the plaintiff of the rent reserved in the lease did not give it life on the facts disclosed;

(6) A verdict for the defendant properly was ordered.

CONTRACT for damages for an alleged breach of a covenant to repair contained in a lease in writing. Writ in the District Court of Southern Essex dated March 26, 1920.

In the Superior Court the action was tried before *O'Connell,* J. Material facts are described in the opinion. The judge submitted to the jury the following question: "Did the lease from Nathaniel Fenton to William E. Hixon, dated June 29, 1918, contain at the time of its execution and delivery, the words in handwriting, 'Said Fenton agrees to keep the buildings in good repair on the outside and said Hixon agrees to make all inside repairs'?" The jury returned an answer in the affirmative, and thereupon the judge instructed the jury that the plaintiff could recover nominal damages only. The jury returned a verdict for the plaintiff in the sum of $1, whereupon, with the permission of the jury, the judge ordered the verdict set aside and ordered a verdict for the defendant, and by agreement of the parties reported the action to this court upon the stipulation that, if his ordering of a verdict for the defendant was correct, judgment should be entered for the defendant; that if, upon the admissible evidence and the finding of the jury upon the question submitted to them, the plaintiff could recover, but that nominal damages only could be recovered, judgment for the plaintiff should be entered in the sum of $1 and that if, upon the admissible evidence and finding of the jury, the plaintiff could recover whatever loss or damage was suffered by him on account of the leaks, there should be a new trial upon the question of damages only.

*I. A. Hadley & E. H. Hadley,* for the plaintiff, submitted a brief.

*N. D. A. Clarke,* for the defendant.

JENNEY, J.  This is an action of contract to recover damages caused by a breach of covenant in a lease, dated June 29, 1918, for five years from July 1, 1918, and given by Nathaniel Fenton to the plaintiff William E. Hixon.  The covenant is as follows: "Said Fenton agrees to keep the buildings in good repair on the outside and said Hixon agrees to make all inside repairs."

The property was owned by the lessor's daughter.  See *Kendall v. Carland,* 5 Cush. 74.  The lease was given in connection with the sale by him to the plaintiff of a mattress manufacturing business conducted on the leased premises.  The only evidence as to the contemporaneous knowledge of the daughter concerning the giving of the lease was that she first saw it "about the time" the business was sold when a deed of the other property was delivered to her as consideration for the transfer of the business. There was no evidence as to the date or time of delivery of this deed.  Both the father and daughter testified that the former had no authority to execute the lease.

The daughter by deed dated September 6, 1919, conveyed the property to the defendant.  According to the report the deed contained the "recital" that the premises were "free from all incumbrances" except a mortgage, taxes, and a "certain lease" conceded to be that in controversy.  The defendant admitted that she then knew of the existence of the lease, but denied that she had knowledge of the covenant to repair.

It is assumed that the defendant had notice not only of the existence of the lease, but of its contents.  *Cunningham v. Pattee,* 99 Mass. 248.  *Toupin v. Peabody,* 162 Mass. 473.  *Leominster Gas Light Co. v. Hillery,* 197 Mass. 267.

The evidence did not justify a finding of estoppel because of the silence of the daughter when the lease was given.  It did not appear that she knew of the lease until after its execution. Evidence of her knowledge thereof about the time the business was sold and when a deed was delivered to her was equally consistent with the conclusion that her knowledge had been acquired after the delivery of the lease.  See *Kronoff v. Worcester,* 234 Mass. 254, 261.  No attendant circumstances are disclosed by the record.  It does not appear when the lessee first learned that

the lessor was not the owner of the premises or indeed that he did not from the beginning know of the initial infirmity of the lease. Consequently it could not have been found that her conduct caused the plaintiff to believe and rely upon something which afterwards it would be unjust for her to repudiate. *Cambridge Institution for Savings* v. *Littlefield,* 6 Cush. 210, 214. *Tracy* v. *Lincoln,* 145 Mass. 357. *Stiff* v. *Ashton,* 155 Mass. 130. *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 421. *Hamlin* v. *Sears,* 82 N. Y. 327.

The deed to the defendant did not by its terms purport to create rights in favor of the plaintiff, nor did it convey the land subject to the lease. At the most the words indicate that the lease was excepted from the operation of some covenant. Consequently the deed did not estop the grantee as against the plaintiff from claiming that she was not bound by the lease. *Livingstone* v. *Murphy,* 187 Mass. 315.

The deed cannot be construed as ratifying the lease. Ratification is limited to the adoption of an act purporting to be done, or in fact done, in behalf of the principal. *New England Dredging Co.* v. *Rockport Granite Co.* 149 Mass. 381. *Hosher-Platt Co.* v. *Miller,* 238 Mass. 518. See *Dempsey* v. *Chambers,* 154 Mass. 330.

The payment of the rent reserved in the lease did not give it life on the facts disclosed. Such action on the owner's part, although expressed as taken under the lease cannot be construed as more than an oral assent thereto which did not create any interest other than a tenancy at will. R. L. c. 127, § 3. G. L. c. 183, § 3. *Haven* v. *Adams,* 4 Allen, 80, 93. See *Freedman* v. *Gordon,* 220 Mass. 324.

As the lease did not bind Ada M. Fenton or the defendant, her grantee, it is unnecessary to consider whether the covenant to repair would run with the land. Questions relating to damages are also immaterial.

The verdict for the defendant was properly ordered and in accordance with the terms of the report, judgment is to be entered in accordance with the verdict.

                                                    *So ordered.*