S. MOSKOW *vs.* ERNEST G. ROBINSON.

SAME *vs.* WILLIAM J. FITZPATRICK.

SAME *vs.* ERNEST G. ROBINSON.

SAME *vs.* WILLIAM J. FITZPATRICK.

Suffolk.    April 13, 1931. — June 1, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Landlord and Tenant,* Tenancy at sufferance, Tenancy at will.

At the trial in a municipal court of an action of contract for rent or for use and occupation of a suite of rooms in a building for July, August and September, there was evidence that the defendant had been occupying the suite under a lease in writing which expired on January 31. Upon evidence warranting the finding, the judge found that after expiration of the lease the defendant agreed to sign a new lease if the landlord would put the premises in repair, and that the landlord undertook to repair the premises and did, but never concluded a new lease with the defendant. The defendant testified that after the expiration of the lease "he paid the same rent on the same days as when he had a lease, and everything went along just the same as before," the rent day being the first of every month. On June 2, June 1 being a Lord's day, the defendant gave a notice in writing of intention to vacate on July 1 and did vacate before that day. The plaintiff asked for rulings that the finding should be for the plaintiff, and that the defendant at the time he vacated the premises was a tenant at will. The judge refused such rulings and found that the defendant was a tenant at sufferance after the expiration of the lease and that no notice was required, and found for the defendant. *Held,* that

(1) While the evidence would have warranted a finding that the defendant was a tenant at will at the time he gave the notice, it did not require such a finding as a matter of law;

(2) The question, whether the tenancy was at will or at sufferance, was one of fact, and there was no error in the finding by the judge;

(3) It was unnecessary to consider whether the written notice would have been sufficient to terminate the tenancy if the defendant had been a tenant at will.

FOUR ACTIONS OF CONTRACT for use and occupation or for rent. Writs in the Municipal Court of the City of Boston, in the first and second actions dated August 8,

1930, and in the third and fourth actions dated October 10, 1930.

The actions were heard together in the Municipal Court by *Adlow*, J. Evidence and findings and rulings at such hearing are described in the opinion. The judge found for the defendant in each action and reported the actions to the Appellate Division. The reports were ordered dismissed. The plaintiff appealed.

*A. Moskow*, for the plaintiff.

*G. J. Barry*, for the defendants.

FIELD, J. These four actions of contract, two against each defendant, to recover for use and occupation or rent, for the months of July, August and September, 1930, of premises owned by the plaintiff, were tried together in the Municipal Court.

Each defendant had a written lease of a suite of rooms in a building owned by the plaintiff, for one year beginning February 1, 1929, at a monthly rental and occupied the premises leased to him. There was evidence that each of them continued to pay rent at the same monthly rate, "subject to the same agreements and conditions as in the old leases," until June 30, 1930, and on June 2, 1930 — June 1 being Sunday — gave written notice to the plaintiff of his intention to vacate the leased premises on July 1, 1930, and moved out in the month of June. There was evidence also that after the expiration of the leases the defendants agreed to take new leases for a year and requested the plaintiff to make repairs and that the plaintiff made such repairs. The defendant Robinson testified that he complained about the condition of the premises, that he did not agree to take a new lease, but that "after his lease expired on February 1, 1930, he paid the same rent on the same days as when he had a lease, and everything went along just the same as before." The defendant Fitzpatrick did not testify.

The trial judge refused to rule, as requested by the plaintiff, that upon all the evidence the plaintiff was entitled to recover and that "At the time the defendants vacated the premises, they were tenants at will of the plaintiff," and

refused to make other rulings requested by the plaintiff as to the adequacy of the written notices of intention to vacate the premises given to the plaintiff, because inapplicable to the facts. The judge made the following finding: "I find that the defendants had been tenants under leases; that leases had expired; that after expiration of leases the defendants agreed to sign new leases if landlord would put premises in repair; that the landlord undertook to repair the premises and did, but never concluded leases with defendant[s]. I find that the defendants were tenants at sufferance subsequent to expiration of leases, and no notice was required," and found for the defendants. A report to the Appellate Division was dismissed and the plaintiff appealed.

The plaintiff contends that for the months in question the defendants were tenants at will and that neither of them gave sufficient notice of intention to terminate such a tenancy.

The "mere holding over, without any agreement, expressed or fairly inferable from all the circumstances, by a tenant after the expiration of a written lease . . . constitutes him a tenant at sufferance. . . . While a tenancy at sufferance can be converted into a tenancy at will only by a contract, such a contract may be inferred from circumstances as well as expressed by formal agreement. . . . The continued occupation by a tenant after the expiration of his term with the knowledge and consent of his landlord and the payment and receipt of rent at the same rate and upon the same rent days as were required by the lease is evidence sufficient to show an agreement for a tenancy at will." *Benton* v. *Williams*, 202 Mass. 189, 192. The evidence in these cases, therefore, warranted a finding that the defendants were tenants at will, but the subsidiary findings of the judge, the testimony of the defendant Robinson, by which he is bound, and the uncontradicted evidence taken at its face value were not so conclusive as to warrant a ruling as matter of law that the tenancies were at will. The question whether the tenancies were at will or at sufferance remained one of fact on all the evidence and the

proper inferences therefrom. *Benton* v. *Williams*, 202 Mass. 189, 193. If the defendants were tenants at sufferance they could end the relation without notice to the plaintiff. *Benton* v. *Williams*, 202 Mass. 189, 192. *Marsylak* v. *Fox*, 260 Mass. 127, 129. Therefore there was no error in the rulings of the trial judge and it becomes unnecessary to consider whether the written notices would have been sufficient to terminate the tenancies if the defendants had been tenants at will.

*Order dismissing report affirmed.*