ROSE A. NOLAN, administratrix, *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY & another.

Hampden.   May 22, 1933. — May 24, 1933.

Present: RUGG, C.J., PIERCE, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Amendment.

Where, in an action by an administrator against a railroad corporation for the conscious suffering and death of his intestate, the declaration originally filed contained allegations that the intestate was a passenger on an interstate train of the defendant; that he became ill to the knowledge of the defendant's agents; that the defendant's agents neglected to comply with a request that the train be stopped to permit the intestate's removal therefrom for necessary medical treatment and neglected to give him adequate care; and that such conduct of the defendant's agents caused the intestate's death, it was within the power and judicial discretion of a judge of the Superior Court to allow an amendment of the declaration changing the designation of the place where such illness of the intestate was alleged to have occurred.

TORT.   Writ dated May 10, 1928.

Motions by the plaintiff to amend the declaration, and action on such motions by *Lummus,* J., in the Superior Court are described in the opinion. The judge reported his action for determination by this court.

The case was submitted on briefs.

No argument nor brief for the defendants.

*D. H. Keedy & J. I. Robinson,* for the plaintiff.

RUGG, C.J.   This action of tort was brought by an administratrix to recover damages for death and conscious suffering of her intestate. The writ was dated May 10, 1928, and entered on June 4, 1928. The facts on which the cause of· action as set forth in the original declaration was predicated were there alleged to have occurred on a train on a journey, as a passenger of the defendants, "just before the train came into Springfield, Massachusetts." On April 26, 1929, and again on March 14, 1932, and still again on April 4, 1932, the plaintiff filed motions to amend her declaration. Finally on April 15, 1932, a fourth motion

to amend her declaration was filed. This final motion to amend in substance set out as the basis of the cause of action facts alleged to have occurred to the plaintiff's intestate by reason of misconduct of the defendants while he was a passenger on a train "being operated and run through and within the State of Vermont." The fourth motion to amend the plaintiff's declaration was allowed, the other motions to amend were not allowed, and the defendants duly excepted to the allowance of that motion. The case comes before us on report by the trial judge under G. L. (Ter. Ed.) c. 231, § 111, he being of opinion that his interlocutory order allowing the amendment ought to be determined by this court before further proceedings in the trial court. There is no recital in the report of what occurred before the trial judge at the hearing upon this motion. There is nothing to indicate what, if any, statements may have been made by counsel or facts agreed to by counsel at the argument. The bald question presented, therefore, is whether as matter of law it was within the power of the trial judge to allow the motion to amend.

The basic allegations in the original declaration as filed and the amendment as allowed are, in substance, the same, to the effect that the plaintiff's intestate was a passenger for hire on an interstate train of the defendants running from Connecticut to Canada; that during this interstate transportation her intestate became ill to the knowledge of the defendants; that the defendants were requested to stop their train to permit his removal for necessary medical or hospital treatment; that the defendants neglected to comply with this request and to give him adequate care; and that the defendants' conduct in these particulars caused his death. The variations in the allegations in the original declaration and in the amendment allowed related to the place where seizure of the plaintiff's intestate by illness occurred. The allowance of the amendment in these circumstances was within the power of the trial judge and rested in his sound judicial discretion. Jurisdiction to this end was conferred by G. L. (Ter. Ed.) c. 231, §§ 51, 138. The conclusiveness of the identity of the cause of action

set forth in the amendment with that described in the original declaration resulting from mere allowance of the amendment under the governing statute has often been recognized. The case at bar is completely governed by *Shapiro* v. *McCarthy,* 279 Mass. 425, 428, 429, and cases there reviewed. It is unnecessary to indulge in any elaboration of the discussion there set forth. See *United States* v. *Memphis Cotton Oil Co.* 288 U. S. 62, 67, 68.

*Order allowing amendment affirmed.*