OLIVER AMES & others, trustees, *vs.* HENRY W. BEAL & another.

Suffolk.    January 10, 1933. — September 12, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Landlord and Tenant,* Tenancy at will, Joint tenancy.  *Joint Tenants and Tenants in Common.   Practice, Civil,* Amendment.

At the hearing of an action of contract in a municipal court by the owner of a building against the occupants of a suite of offices therein upon an account annexed for use and occupation, it appeared that the defendants, before the period named in the account annexed, had occupied the suite under a lease in writing signed by them jointly which provided for the payment of a stated rent "during said term and at that rate for such further time as the lessee party shall hold the said leased premises" and contained a covenant by the defendants "to pay unto the lessor party . . . for and during said term and for such further time as the lessee party shall hold the said premises . . . the said installments of rent in the manner aforesaid"; that after the expiration of the term of the lease, the defendants for more than three and one half years continued in occupancy, in the same manner as before, paying the same rent and, as before, by a check of one of them, the other having no dealings directly with the plaintiff.  The judge found for the plaintiff against both defendants.  *Held,* that, whereas a mere holding over by the defendants after the expiration of the term of the lease without any contract as to the character of their occupancy would have made the defendants mere tenants at sufferance, a finding was warranted that a contract had arisen by implication from the conduct of the defendants whereby, after the expiration of the lease, both of them had agreed to be joint tenants at will and to pay for use and occupation at the rent named in the lease.

The plaintiff's books of account of the plaintiff in the action above described contained an entry which meant that, after the date of the expiration of the term of the defendants' lease, they would continue as tenants at sufferance.  *Held,* that, even if it be assumed that the entry represented the plaintiff's belief at some time as to the character of the tenancy, it did not control as a matter of law the decision of the question, whether the conduct of the parties created a tenancy at will.

The original declaration in the action above described was upon the lease.  After the hearing was closed, the judge ruled that there was a variance between the allegation in the declaration and the proof, gave the plaintiff permission to amend his declaration within ten

days by basing his claim on use and occupation and ordered that, in the event such amendment should be made, judgment be entered for the plaintiff in a stated amount and that otherwise judgment be entered for the defendants. Such amendment was seasonably made by the plaintiff. *Held*, that it did not appear from the record that as matter of law the effect of the amendment was to allow the plaintiff to maintain an action for a cause not intended when the action was brought, and that therefore the decision of the judge, which implied that the cause of action stated in the amended declaration was that intended when the action was begun, was final and could not be reviewed in this court.

There was no error in the allowance of the amendment to the pleadings after trial of the action above described, it appearing that the issues presented by the amendment had been fully and fairly tried.

CONTRACT. Writ in the Municipal Court of the City of Boston dated February 25, 1932.

Proceedings in the Municipal Court before *Bolster*, C.J., findings and rulings by him and the circumstances of the allowance of an amendment to the declaration are described in the opinion. He found for the plaintiffs, after the matter had been recommitted to him by the Appellate Division, in the sum of $1,477.87. The defendant Arthur F. Clarke appealed from the order of the Appellate Division.

*R. Donovan*, for the defendants.

*J. G. Bryer*, for the plaintiffs.

DONAHUE, J. The defendants jointly executed two leases by which the plaintiffs demised to them certain office rooms in the Ames Building in Boston. The original declaration in two counts sought to recover "for rental of premises . . . under an indenture of lease" for a period several years after the expiration of the term stated in the lease. No further express agreement was entered into between the plaintiffs and the defendants either individually or jointly after the execution of the leases but upon the expiration of their terms the defendants continued to occupy the premises as they had done before, that is the defendant Clarke occupied a part of the premises, the defendant Beal another part and a certain part was occupied by the two in common. One of the defendants testified that when the terms stated in the leases expired "we ran on under the old arrangement." Both before and after

that date the payments of rent were made by checks of the defendant Beal.  The books of the plaintiffs bore the entry "After January 1, 1928, [the time of the expiration of the term stated in the leases] continue as T. A. S." which initials a witness translated as meaning "tenants at sufferance."  The leases provided for the payment of the stated rent "during said term and at that rate for such further time as the lessee party shall hold the said leased premises" and contained the covenant of the defendants "to pay unto the lessor party . . . for and during said term and for such further time as the lessee party shall hold the said premises . . . . the said installments of rent in the manner aforesaid." The provisions of the leases were in general the same and for convenience we refer to them as if there were but one lease although different premises were demised in each lease.

The trial judge in the Municipal Court of the City of Boston found that "after the term of the lease expired, the defendants holding on and paying rent at the old rate without notice of any change or parcelling of the premises became joint tenants at will of the entire premises."  He ruled that there was a variance between the allegation in the declaration and the proof, gave the plaintiffs permission to amend their declaration within ten days by basing their claim on use and occupation and ordered that in the event such amendment should be made judgment be entered for the plaintiffs in a stated amount and that otherwise judgment be entered for the defendants.  The permitted amendment was seasonably made by the plaintiffs.

At the request of the defendant Clarke the judge reported to the Appellate Division his denial of that defendant's requests for rulings, and at the request of each defendant reported the allowance of the plaintiffs' motion to amend their declaration.  Before the Appellate Division the defendants for the first time contended that there was an error in the computation of damages.  Since that was not one of the questions reported and the evidence relevant thereto was not fully reported, the Appellate Division was in doubt whether the finding was excessive and if so in

what amount.  The Appellate Division entered the follow-ing final order: "If the parties, before October 15, 1932, can agree to the amount, judgment may be for such amount; or before said date the parties or either of them may apply to the trial judge, and if he is in possession of sufficient evi-dence to determine the question (see Conway *v.* Kenny, 273 Mass. 19), judgment may be for the amount he finds due; otherwise there must be a new trial as to damages only." Within the time specified the judge filed a revision and a reduction of the amount of damages as earlier found. Neither party now contends that there was error so far as concerns the method of the final computation of damages. From the final decision of the Appellate Division both de-fendants claimed an appeal.

1. If the defendants had merely continued to hold pos-session of the premises after the expiration of the term stated in the lease and had made no contract as to the character of their occupancy thereafter they would have been tenants at sufferance.  *Warren* v. *Lyons*, 152 Mass. 310.  That status would not have been affected by the covenant in the lease that the defendants would pay rent if they continued to hold the premises after the lease expired.  *Edwards* v. *Hale*, 9 Allen, 462.  There was here no express contract of the parties creating a new relation-ship when the relationship created by the contract of lease ended with the expiration of its stated term.  But what would otherwise be a tenancy at sufferance "can be con-verted into a tenancy at will by the implied agreement of the parties, the existence and terms of which may be in-ferred from their conduct."  *C. A. Spencer & Son Co.* v. *Merrimac Valley Power & Buildings Co.* 242 Mass. 176, 180.  The trial judge found that the defendants became tenants at will of the premises described in the lease.  When the tenancy under the lease ended the defendants remained in possession and nothing was said by the parties as to the character of the occupancy.  For over three and a half years the defendants continued to occupy the premises in the same manner as before and rent at the same rate and at the same times as required by the lease was paid to the

plaintiffs. This was sufficient to warrant the finding that there was an implied agreement creating a tenancy at will. *Benton* v. *Williams,* 202 Mass. 189, 192. *Moskow* v. *Robinson,* 276 Mass. 16, 18. It does not appear when, by whom and under what circumstances the entry "After January 1, 1928, continue as T. A. S." was made on the plaintiffs' books, or that the existence of that entry was communicated or known to the defendants. Even if we assume that it represented the plaintiffs' belief at some time as to the character of the tenancy it does not control the decision of the question whether the conduct of the parties created a tenancy at will. *Leavitt* v. *Maykel,* 210 Mass. 55, 61.

The defendant Clarke contends that, although the defendant Beal became a tenant at will, the finding that he also came into that relationship· with the plaintiffs was not warranted. He argues that as to himself the tenancy at sufferance which might have resulted through his occupancy after the expiration of the term of the lease ceased to exist when a new contract by implication was made between the plaintiffs and the defendant Beal, and that, because he had no dealings with the plaintiffs, paid them no rent and occupied only part of the premises, no contract binding him can be implied. When the lease was in effect the defendants were joint tenants of all of the premises demised regardless of the extent of their respective actual occupancy and indeed if only one of the lessees was in occupancy. *Kendall* v. *Carland,* 5 Cush. 74, 80. *Kirby* v. *United States,* 260 U. S. 423, 427. The covenant in the lease with reference to the payment of rent in the event of a holding over after its termination was the covenant of both defendants. The actual occupancy of Clarke in fact continued after termination just the same as before and he did not by speech or conduct indicate to the plaintiffs that so far as they were concerned the occupancy of Beal and himself did not continue to be joint. There is no contention that he did not in fact continue to contribute toward the payments of rent regularly forwarded by the check of Beal. It does not appear that the same significance should not be given to that mode of remittance after the termination of the lease

as before, namely, that it suited the convenience of the defendants. On the evidence the inferences were fair and reasonable that the conduct of Clarke held him out to the plaintiffs as desiring that the original joint tenancy under the lease be extended as a joint tenancy at will and that the conduct of the plaintiffs in the regular acceptance of payments of rent and in permitting the occupancy to continue in all respects as it had before was an acceptance of Clarke as joint tenant at will with Beal. A resultant finding that there was a new implied contract which made the two defendants joint tenants at will was warranted. It is unnecessary to discuss in detail the defendant Clarke's requests for rulings, since what has hitherto been said indicates that they were properly refused.

2. It is contended that the trial judge erred in suggesting and permitting the amendment of their declaration by the plaintiffs after the trial. The judge's finding that the defendants had become joint tenants at will necessarily included a finding by implication that after the expiration of the lease the parties made a new contract creating that tenancy. The plaintiffs' right to recover rent for a period of occupancy after the lease by its terms had ended rested upon the new contract and not upon the original contract expressed in the lease. The words of the written covenant which state the agreement of the lessees to pay rent after the expiration of the term fixed in the lease were "intended to cover a case of holding over without the creation of ·a new contract, either written or oral, express or implied." *Leavitt* v. *Maykel,* 203 Mass. 506, 510, 511. Compare *Leavitt* v. *Maykel,* 210 Mass. 55. The original declaration which alleged an indebtedness for rental under an indenture of lease did not accurately or adequately assert the right to recover rent under a tenancy at will. The judge having found that a new contract had come into existence fixing the relationship of the parties as a tenancy at will rightly ruled that there was a variance between the pleadings and the proof. Since it does not appear from the record that as matter of law the effect of the amendment was to allow the plaintiffs to maintain an action for a cause not intended

when the action was brought (compare *Bowen* v. *Fairfield,*
260 Mass. 38, 41) the decision of the trial judge, that the
cause of action stated in the amended declaration was that
intended when suit was begun, was final and cannot here
be reviewed. G. L. (Ter. Ed.) c. 231, §§ 51, 138. *Shapiro*
v. *McCarthy,* 279 Mass. 425, 428. *Nolan* v. *New York,
New Haven & Hartford Railroad,* 283 Mass. 156. The
mere fact that the amendment was allowed after the close
of the trial gives the defendants no valid ground of com-
plaint. They had no absolute right to have the case de-
cided upon pleadings which were not supported by proof
when the proof presented established a case which would
enable the plaintiffs to recover for an intended cause of
action if that had been properly pleaded. *Pizer* v. *Hunt,*
250 Mass. 498, 504. There is no error in the allowance of
an amendment to the pleadings after trial if the issues
presented by the amendment were fully and fairly tried.
*Pizer* v. *Hunt,* 253 Mass. 321, 331. *Cutter* v. *Arlington
Construction Co.* 268 Mass. 88, 92. *Bucholz* v. *Green Bros.
Co.* 272 Mass. 49, 55. The significant facts found by
the judge from which he inferred a new contract, namely,
the provisions of the written lease, the same occupancy by
the defendants permitted by the plaintiffs and the payment
of rent and its acceptance by the plaintiffs in the same
manner after as before the lease's termination are not now
questioned nor is there now suggestion made of other specific
facts which might have been but were not shown at the
trial. That the theory of the existence of a tenancy at will
was in the contemplation of the parties and the judge at
the trial is indicated by the request of the defendant Clarke
for a ruling that he was not a tenant at will. Since it ap-
pears from the record that the issue raised by the amended
declaration was fully and fairly tried there was no error in
the allowance of the amendment.

*Order dismissing report affirmed.*