Keniston, J.
This is an action of contract in two counts. The first count alleges in substance that the plaintiff was the owner of the premises at 39 Rice Street, Cambridge, and that on January 1, 1940, the defendant signed an agreement with the plaintiff’s agent to hire a suite of the premises from January 1, 1940 to August 31, 1940, at a rental of $34.00 a month and to sign a lease for the premises; that the defendant moved into the premises and occupied the same during the months of January, February, March and April, 1940, and paid the rent of $34.00 a month; that the defendant refused to sign the lease for the premises *347 for the period from January 1 to August 31, 1940, and vacated the premises prior to August and has not paid the rent for May, June, July or August and claims damages in the amount of $136.00 or the equivalent of four months’ rent at $34.00 a month. Count 2 is for use and occupation for four months from May to August, both inclusive, at $34.00 a month.
The evidence as contained in the report is that the defendant signed an application, on January 1, 1940, upon a blank form at the top of which was printed ‘ ‘ Mrs. Farmer, Beal Estate, 18 Brattle Street, Cambridge, Mass. (At Harvard Square) ”, for the rental of the premises. The application states the defendant “Agrees to hire Suite 2nd, 89 Bice Street, from Jan. 1st. to August 31st, 1940 @ $34.00 per month, and agrees to sign a lease as soon as presented”. “It is understood that there is to be a new electric refrigerator installed, also new window shades in living room and where necessary. Deposit $17. — (to be refunded if the application is declined by the owner or his agent). Will mail check for Balance Tuesday. This offer is irrevocable if accepted within three days, subject to satisfactory references by the owner or agent”. The application was signed and sealed by the defendant. Mrs. Farmer was the real estate broker for the plaintiff. The application was not signed by the plaintiff or by anyone in her behalf. The plaintiff was not present when the application was signed nor at any time during the negotiations with the defendant.
The defendant moved into the premises on January 2, 1940, and occupied the premises until May 1,1940. A form of lease, unsigned by the plaintiff was mailed to the defendant on January 2, 1940, from the office of the broker, *348 Mrs. Farmer, accompanied by a letter signed by Mrs. Farmer requesting the defendant to sign the same. The defendent refused to sign the lease. The plaintiff installed a new refrigerator and new window shades in the living room and where else necessary. The defendant vacated the premises May 1,1940, and has refused to pay the rent for the months of May, June, July and August, 1940.
At the close of the trial, the plaintiff seasonably filed requests for Rulings.
The Court denied all of the plaintiff’s Requests for Rulings in the following words:
“All of the requests are deemed as immaterial and inapplicable in view of the voluntary ruling of law made by me”.
The Court made the following voluntary ruling of law:
“I rule that the agreement herein sued upon does not set forth the essential terms necessarily involved in the proposed undertaking and that no enforceable contract is shown”.
No error appears in the denial of the Court of the plaintiff’s Requests for Rulings or in the voluntary ruling made.
At least two persons are required to make a contract. North Packing and Provision Co. v. Lynch, 196 Mass. 204.
The application signed by the defendant, while sufficient to satisfy the Statute of Frauds as a memorandum in writing, is only an offer by the defendant. It is not signed by the plaintiff or by her agent. It does not appear from the evidence contained in the report that this offer was ever accepted, either in writing or orally, by the plaintiff or by her agent in her hehalf.
The form of lease sent to the defendant was not signed by the plaintiff. Nor does the letter accompanying the *349 form of lease state that the application has been accepted. The delivery of the blank leases would not amount to an acceptance of the application. Mentzer v. Hudson National Bank, 197 Mass. 325, 331.
The moving in to the premises by the defendant, his occupancy thereof during the period from January to May, and the improvements made by the plaintiff as specified in the application would justify an inference of acquiescence on the part of the plaintiff to the defendant’s occupancy of the premises. These actions by the parties would create at most a tenancy at will. General Laws (Ter. Ed.) Chapter 183, Section 3, Hixon v. Starr, 242 Mass. 371, 374.
They would not require a finding of an acceptance of the defendant’s application by the plaintiff.
There was no agreement between the parties to support the first count of the plaintiff’s declaration. There was no occupancy during the months of May to August to support the second count of the declaration.
The question of whether the defendant would be liable for any rent for failure to give a seasonable notice to terminate a tenancy at will is not raised by the pleadings.
The order is report dismissed.