Pettingell, P. J.
Action of contract in which the plaintiff, a landlord, seeks a recovery on two counts, one for rent due under a lease, and one for use and occupation. The defendant filed answers of general denial and payment.
There was evidence to the effect that there were two corporations, each incorporated in Massachusetts, July 21, 1939, one corporation, Berger’s Lucky Seven Moto-Stores, Inc., having three incorporators and the other corporation, Lucky Seven Moto-Stores, Inc., having four incorporators, two of the four being incorporators of the other corporation. One of the two, Harry E. Franks, was president of both corporations and treasurer of Berger’s Lucky Seven Moto-Stores, Inc. There was a considerable difference in the financial stability of the two corporations.
*114 In October, 1939, negotiations began between the plaintiff and Harry E. Franks for the lease of a store belonging to the plaintiff, which finally culminated in a lease executed January 3, 1940, by which the plaintiff leased the store in question to Berger’s Lucky Seven Moto-Sales, Inc. for a yearly rental of $2400.00 to be paid in equal monthly installments of $200 on the first day of every month, the first payment to be made March 1,1940. The term was for one year with an option of renewal at $250' a month.
On May 1, 1940, another lease between the same parties was executed, being in substitution of the first lease. The features of this lease were generally similar to those of the first but the term was for two years, the rent for the first year being $2400, and for the second year $3000:
Two letters are in the report written on behalf of the tenant during the negotiations for the leases, each being written on stationery of the Lucky ¡Seven Moto-Sales, Inc., the defendant, and being signed “Harry E. Franks” without any designation of office or title. The leases were drawn by the plaintiff’s attorney. There is no further evidence in the report regarding the negotiations which ended in the two leases.
Berger’s Lucky Seven Moto-Sales, Inc. made the first seven payments of rent by cheeks signed by Harry E. Berger, Treasurer. All of these checks were payable to the plaintiff and were endorsed by him. Fallowing the first payment he gave a receipt for the same to Berger’s Lucky Seven Moto-Stores Inc. After these seven payments, other payments were made by'checks of the Lucky Seven Moto-Stores, Inc., the defendant. The report states that the defendant first began to occupy the store leased to Berger’s Moto-Stores, Inc., in March 1940, “under release executed by the Plaintiff as lessor and Berger’s Moto-Stores, Inc., as lessee.” It appears also in the re *115 port that “at no time did the Berger’s Lucky Seven Moto-Storés, Inc., ever obtain from the lessor any consent written or otherwise to either sublet assign or under let the whole or any part of the premises”. These two statements of fact, which are in the facts admitted by the defendant following a “Notice to Admit Facts” filed by the plaintiff, are inconsistent as well as being doubtful in meaning. The substituted lease was executed May 1, 1940, and the statement that the defendant first occupied the premises in that month “under release” may refer simply to an occupation under the substituted lease. Nowhere is it directly stated that there was any kind of an agreement between the plaintiff and defendant. The other item of fact admitted, establishes the further fact that the tenancy was not the result of any consent secured from the plaintiff to the subletting, assignment or underletting of the premises to the defendant. Consistent with this latter fact, the trial judge found as fact that “on all the evidence there is no agreement for a novation between the Plaintiff and the Defendant and the corporation known as Berger’s Lucky Seven Moto-Stores, Inc.”
At the oral argument counsel for both parties argued the case on the theory that there was no novation and we so treat it.
The action is for rent due in December 1941, and January 1942. There was evidence that the lessee was still occupying these premises during those months as well as an admission by the defendant that it was occupying the premises at that time.
The trial judge granted the following requests. filed by the defendant.
“3. That upon all the evidence there is no agreement for a novation between the Plaintiff and the Defendant and the corporation know as Berger’s Lucky *116 Seven Moto-Stores Inc. 4. That upon all the evidence the defendant is not liable to the Plaintiff under a lease signed with the Plaintiff by the Berger’s Lucky Seven Moto-Inc. (sic). 8. That corporations, like individual stockholders, are distinct entireties (sic) and neither can be treated as the ‘alter ego’ or agent of the other when openly contracting for itself and in its own corporate name. 9. That the identity of the persons who were stockholders, officers and directors of the two corporations did not operate to merge them or to make either the agent of the other and each preserved its separate identity. 11. That upon all the evidence the defendant corporation is not a continuation of the Berger’s Lucky Seven Moto-Stores, Inc. 12. That the defendant corporation was not bound by a contract or lease made between the Plaintiff and Berger’s Seven Moto-Stores, Inc. which it had not made or assumed. 15. That ownership by an individual of all the capital stock of a corporation and the absolute control of its affairs do not create a single unit or justify a disregard of separate corporations. 17. That upon all the evidence of the case, the defendant was not a tenant at sufferance of the Plaintiff. 19. That thé existence of a tenancy is essential to recovery of rent.”
No report was claimed by the plaintiff in the matter "of the allowance of these requests and they have become the law of the case.
The error complained of is the denial of the following rulings requested by the defendant:
“1. That upon all the evidence there is not a sufficiency of evidence to warrant a finding against the defendant. 2. That upon all the evidence the defendant is entitled to a finding. 5. That the Defendant corporation is not bound by any statements made by Harry Flanks to the effect that the Berger’s Lucky Seven Moto-Stores, Inc. and the Defendant iCorporation are one and the same corporation. 6. That upon the expiration of a lease and where the lessee continues in possession paying rent which is accepted by the lessee a tenancy at will is created. 7. The suit *117 having been brought by the Plaintiff based upon a lease the said Plaintiff cannot recover for. any. rent due under a tenancy at will. 10. That the motive of the persons interested in the first corporation in forming the second corporation could not -be said to be fraudulent as a matter of fact. 13. That the Defendant .corporation cannot be held responsible for any acts or (sic) its officers or stockholders as individuals. 14. That the motive of the incorporators of the defendant corporation to secure through the instrumentality of a corporation authority to conduct business such as the defendant’s.business without the burden of being liable on a lease cannot be regarded as fraudulent in act or law. 16. That upon all the evidence of the case the defendant was not a tenant at will of the Plaintiff. 18. That there can be no recovery for use and occupation where the occupation presumably was pnder the lease.”
The judge made the following findings of fact:
“The Court found the following facts: ‘I find that a lease of the premises consisting of a store at #2 Merrimack Street in Haverhill was executed between the plaintiff, as lessor, and a corporation named Berger’s Lucky Seven Moto-Stores, Inc., as lessee, for the term of two years beginning- March 1, 1940; at the monthly rental of $200.00 for the first year and $250.00. for the second year; that letters to the plaintiff regarding the lease dated prior to the execution of the lease were written upon letterheads of the Defendant and signed by one Harry TO. Franks, who was an officer both of the Defendant and of Berger’s Lucky Seven Moto-Stores, Inc.; and who acted as the agent of the Defendant in procuring the lease; that the Defendant was the occupant of the store from the beginning Of the tenancy, and that the store was never occupied by the Berger’s Lucky Seven Moto Stores, Inc.; that the business sign of the defendant was used in connection with its business at the store.
‘I further find that the Plaintiff did not when he executed the lease understand that there were two corporations, both having in their names the words “Lucky (sic) Seven Moto Stores,” and was given no *118 information to that effect and that he understood that he was giving a lease to the concern Which was to occupy the premises; that the Berger’s Lucky Seven Moto-Stores, Inc., was of little or no financial responsibility, and that while some of the rent was paid by it (seven of its cancelled checks for $200.00 each, the last being Dated January 2, 1941, all payable to the plaintiff were put in evidence) the defendant also paid the rent for other months.
‘I find and rule upon the foregoing (sic) facts . . . that the lease was entered into by the Plaintiff through a mistake on his part as to the identity of the lessee, induced by the acts and omissions of said Franks, and is, therefore, not binding upon him, as there was no meeting of the minds of the parties.
‘I further find that the Plaintiff under the second count in the Declaration is entitled to recover for use and occupation of the stores for the month of December 1941, but not for the month of January 1942, because the action was brought before the end of that month, and I find that the fair rental value of the premises was Two Hundred and Fifty Dollars ($250.-00) per month’.”
In giving the defendant’s 4th, 8th, 9th, 11th, 12th and 15th requests, the trial judge was undoubtedly following the law as stated in Brighton Packing Co. v. Butchers & Association, 211 Mass. 398, at 403, 404. Werlin v. Equitable Surety Co., 227 Mass. 157, at 161. Marsch v. Southern New England Railroad Corporation, 230 Mass. 483, at 497, 498. Hallett v. Moore, 282 Mass. 380, at 399. Berry v. Old South Engraving Co., 283 Mass. 441, at 451. Holton v. Shepard, 291 Mass. 513, at 521. By giving those requests and by finding that there was no meeting of the minds of the parties when the lease was made, the trial judge made impossible a recovery by the plaintiff on the first count. These rulings and the finding made immaterial, also, those requests denied which were pertinent to the first count only, notably the 5th, 6th, 7th, 10th, 13th, and 14th. The *119 2nd and 16th requests were “upon all the evidence” and thus were governed by Rule 27 of the District Courts, (1940 Ed.), requiring specifications. There being no specifications, the denial of the requests was proper. The 18th request was properly denied as premised upon the fact that the occupation “presumably was under the lease”, a fact which the trial judge was not required by law to infer or find. Bradley v. Meltzer, 245 Mass. 41, at 43. Shay v. Gagne, 275 Mass. 386, at 390. DiLorenzo v. Atlantic National Bank, 278 Mass. 321, at 325. Simpson v. Eastern Massachusetts Street Ry Co., 292 Mass. 562.
In addition to the foregoing- it might be pointed out that the leases referred to in Highland Trust Co. v. Slotnick, 289 Mass. 119, and Moskow v. Fine, 292 Mass. 233, the eases responsible for the words, “the occupation presumably was under the lease”, were valid leases. The trial judge found that the lease in this case Was not valid and bound no one. The monthly payments to the plaintiff by the defendant of the amounts reserved in the lease as rent did not satisfy the invalid lease. Hixon v. Stars, 242 Mass. 371, at 374.
There is left for our consideration, the 1st request which was denied. Wo assume that this request, although awkwardly expressed, asks the trial judge to rule that the evidence is not sufficient to warrant a finding for the plaintiff.
We have, therefore, this situation; a plaintiff owning real estate, and two corporations, partially similar in name, with one of which the plaintiff executes a lease of the plaintiff’s real estate which the trial judge finds to be invalid. Occupation of that real estate by the other corporation, for the period for which recovery is sought, is admitted by the defendant. A finding to that effect is warranted by the evidence.
The trial judge gave the defendant’s 19th requested ruling that “the existence of a tenancy is essential to recovery *120 of rent”, thus following the rule of law found in Central Mills v. Hart, 124 Mass. 123, at 125. Glickman v. Commonwealth, 244 Mass. 148, at 150. C. A. Spencer & Son Co. v. Merrimac Valley Power & Building Co., 242 Mass. 176, at 180. Wunsch v. Donnelly, 302 Mass. 286, at 288, 289. Milmore v. Landau, 307 Mass. 589, at 591. Brown v. General Trading Co., 310 Mass. 263, at 267.
That tenancy, however, may be the result of an agreement or it may be implied from the facts. In the latter case occupation must be by the permission of the landlord. Central Mills v. Hart, 124 Mass. 123, at 125, but mere passession in itself is not enough. Porter v. Hubbard, 134 Mass. 233, at 238. It maybe that an assent to the terms of invalid lease may be found in the payment of the rent reserved in the lease, thus creating a tenancy at will. Hixon v. Starr, 242 Mass. 371, at 374; or that the act of the defendant in paying the rent was the ratification of an agreement which had been made in its behalf by one representing himself as the defendant’s agent. Washington & Realty Co. v. Freedman, 263 Mass. 554, at 558, 559. It is' more likely, however, that the-trial judge, considering the facts, found by him, that the defendant occupied the store from the beginning of the tenancy, that the other corporation never occupied it, that the business sign of the defendant was on the store, that the defendant paid the rental various times, may have found that there was a tenancy within the language of Gould v. Thompson, 4 Met. 224, as stated at 228, “Where one enters on land, to use and occupy it, with the consent and permission.of the owner, but for no definite time, he is a tenant at will.” See Benedict v. Morse, 10 Met. 223, at 229, where the court held that such an occupation and the payment of rent amounted to a tenancy at will. Benton v. Williams, 202 Mass. 189, at 192, 193. Leavitt v. Maykel, 203 Mass. 506, at 510. C. A. *121 Spencer & Sons Co. v. Merrimac Valley Power & Buildings Co., 242 Mass. 176, at 180. Moskow v. Robinson, 276 Mass. 16, at 18. Ames v. Beal, 284 Mass. 56, at 59, 60.
Whether or not there was such an implied tenancy was a question of fact. Moskow v. Robinson, 276 Mass. 16, at 18. We are of opinion that there was evidence warranting such a finding and that there was no prejudicial error in the denial of the first requested ruling.
No prejudicial error appearing, the report is to he dismissed.