*Southern Division*

## RAYMOND T. FREIRE, p.p.a.
### v.
## ZUCIO A. ROTHENBERG, Trustee

*Present*: NASH, P. J., WELCH AND CALLAN, JJ.

*Welch, J.* This is an action of tort to recover damages for injuries received because the defendant carelessly and negligently allowed certain plate glass in his control to become defective and loose and in a dangerous condition, whereby the glass fell and injured the plaintiff. The answer is a general denial, and allegations of contributory negligence and assumption of risk.

*There was evidence tending to show the following:*

About September 11, 1954 the plaintiff was in a store in Allston. It was the day of hurricane "Edna" and the official weather report which was in evidence showed that the prevailing winds at the time and place were of hurricane force.

The premises were owned as a part of an entire block of stores by the defendant as Trustee. The store in question was occupied by one John Winters and his wife who were lessees under a lease dated October 17, 1951. The lease demised to the lessees the entire premises consisting of a store and basement

for a lunchroom and restaurant. The lease granted to the lessees control of all glass on the demised premises and the lessees covenanted to keep the same in good order. The lease was in full force and effect on September 11, 1954.

About two weeks prior to August 30, 1954 the defendant at the lessees' request made some repairs in the front of the store. This was the only occasion when he made repairs.

On September 11, 1954 John Winters, one of the lessees, was manager of the restaurant and lunchroom and was on the premises with the plaintiff and several other patrons. There was a lot of play in the windows. One of them was "corroded and made of wood and old and soggy and the sill leaked when it rained." John Winters requested the patrons to move back from the windows: all of them were rattling loudly due to the wind; there were four plate glass windows in the store front; the plaintiff was present and within hearing when this warning was given; other patrons heeded the warning. The plaintiff, intending to walk home, went outside onto the sidewalk and was injured when a plate glass window fell to the sidewalk and he was struck in the leg by a piece of glass.

The defendant duly filed the requests for rulings which together with the action of the judge thereon were as follows:

1. The defendant was not in control of the premises out of which the plaintiff's injury arose. *Granted.*

2. The plaintiff's injury did not arise out of any inherently dangerous defect in the premises. *Granted, but it did arise from a nuisance of which the defendant had knowledge and should have abated.*

3. The plaintiff's injury was caused solely by an agency over which the defendant had no control. *Granted.*

4. The plaintiff voluntarily assumed the risk of the injury he in fact sustained. *Denied.*

5. On all the evidence the plaintiff is not entitled to recover, and specifies

(a) the plaintiff has failed to show by a fair preponderance of the evidence that his injury was caused by the defendant's negligence.

(b) the plaintiff has failed to show that there was any duty owed him by the defendant.

(c) there is no evidence of negligence.

(d) there is no evidence that the defendant was in control of the premises. *Denied*.

The judge did not make any special finding of facts except in connection with request number two as above quoted and made a general finding for the plaintiff.

The defendant claims to be aggrieved by the denial of his requests numbered 4 and 5; by the general finding for the plaintiff in view of the rulings made; by the special finding of fact, if it be construed as such, and the court's ruling numbered 2; especially in view of the pleadings and the evidence; and by the failure of the court to recite his special findings of fact in view of the denial of request numbered 5.

The finding of the court that the plaintiff's injury arose from a nuisance of which the defendant had knowledge and should have abated is at variance with the pleadings and the evidence. The declaration alleged that the plaintiff's injuries were sustained because there were along the side or front of the store facing the street certain windows and plate glass which were in the control of the defendant and that he carelessly and negligently allowed certain plate glass which was in his control to become defective and loose and in a dangerous condition. The judge granted request numbered 1 to the effect that the defendant was not in control of the premises out of which the injury arose, and he granted request number 3 that the injury was caused solely by an

agency over which the defendant had no control. The defence was presented to meet the allegations of control and negligence.

"It is too elementary for discussion that a case cannot be decided on grounds not raised by its pleadings or evidence." *Brooks v. Secretary of the Commonwealth,* 257 Mass. 91, 95.

In *Hannon v. Schwartz,* 304 Mass. 468, 469, 470, it was said "the declaration set forth a cause of action in negligence and the case was tried upon that basis. The defendant was not charged with the maintenance of a nuisance. Upon the pleadings and evidence it was necessary for the plaintiff to prove that the awning at the time of the accident was in control of the defendant."

Even if a nuisance were declared on and the case were tried on that theory the evidence, with the inferences which the judge could fairly draw, falls short of proving that the nuisance existed at the time the lease was executed, which is a fact which the plaintiff must prove in order to prevail. *Anderson v. Kopelman,* 279 Mass. 140, 146. *Blanchard v. Stone's, Inc.,* 304 Mass. 634, 639. The only evidence was that there was a lot of play in the windows and "It was corroded and made of wood and old and soggy and the sill leaked when it rained." The lease was dated October 17, 1951 and the injury occurred on September 11, 1954. There was less evidence of the condition of the glass and the window than there was in the coal hole injury case of *Hill v. Hayes,* 199 Mass. 411, where the Court said that on the facts the case was closed.

At the time of his argument before this Division the plaintiff presented a motion to amend his writ and declaration by adding a count alleging that the plaintiff's injuries were caused by a nuisance. We have the power to allow the amendment, (G. L. c. 231, §110) but before this is done "care must be

taken to be certain that the issues have been fully and fairly tried." *Ames v. Beal*, 284 Mass. 56, 62. We prefer to send the case back to the trial judge to whom a similar motion can be presented.

*The finding for the plaintiff is vacated. New trial ordered.*

Jeremiah F. Murphy for the defendant ▉