Jodrey, J.
The plaintiff seeks in this action to recover damages for the defendants’ alleged violations of G.L.c. 186, § §14, 18.
.The reported evidence establishes that one Robert Walton leased, as a tenant at will, certain premises in a rooming house owned by the defendants at 297 Crescent St., Waltham, Mass. In June, 1981, the plaintiff and her then six month old daughter moved in with Walton, who is the father of the plaintiffs child. Robert Walton moved from the premises in September, 1981, and the plaintiff continued to live at the Crescent Street address with her child for a few weeks. During a brief absence of the plaintiff on October 4, 1981, the front door locks of the rooming house were apparently changed, and the plaintiffs possessions were placed in boxes on the front porch.
Wholly contradictory accounts were given at trial by the plaintiff and defendants as to what, if anything; transpired between the parties from June, 1981 to October 4,1981. The plaintiff testified that she visited Robert Walton on several occasions at 297 Crescent Street prior to June, 1981. Plaintiff stated that in June she was introduced by Walton to defendant Joanne Boudreau as “one who would be living at 297 Crescent Street;” that the defendant made no objection; and that the plaintiff thereafter informed the Waltham Office of the Department of Public Welfare of her living arrangement. The plaintiff also testified that Joanne Boudreau agreed to allow the plaintiff to remain on the premises until she received her first A.F.D.C. check, and that such agreement was placed in writing on the reverse side of a rent receipt for July 1, 1981. This receipt was introduced into evidence and contains the following, handwritten notation: ‘Tenant is living in a one room with a baby. This is [sic ] not good conditions for this small baby. Please leave by the 25th of September. Joanne Boudreau.” The plaintiff also testified that she observed Joanne Boudreau drive up to the rooming house on October 4,1981 as the plaintiff was departing; and that the defendant had previously threatened to lock the plaintiff out.
Defendant Joanne Boudreau categorically denied being introduced to the plaintiff, having any conversations concerning the apartment or a possible tenancy with the plaintiff; or having ever accepted rent from the plaintiff. The defendant stated that the rooming house was designated as a strictly male residence; and that she had seen the plaintiff in Walton’s apartment only once *73 when the defendant went to pick up Walton’s rent. The defendant testified that she had observed the plaintiff and her baby in the yard on several occasions; and was motivated to make the notation on Walton’s rent receipt after seeing the plaintiff crying in the yard that she needed food and clothing for the baby. The defendant denied any threat against the plaintiff and any knowledge of a change of the rooming house locks on October 4,1981.
The trial court entered judgment for the defendants on all counts.
The plaintiff is before this Division on a charge of error in the trial court’s disposition of the following requested rulings:
1. A valid tenancy is created when one occupies another’s premises in subordination to such other’s title and with his assent, express or implied.
ALLOWED, but I do not so find.
2. An ‘occupant’ of real property, as used in M.G.L.c. 186, §14, is any person in lawful possession of premises of another.
ALLOWED, but I do not so find.
3. Once plaintiff has occupied defendant’s premises by agreement with defendants’ lessee Walton, plaintiff has established herself as an ‘occupant’ for purposes of M.G.L.c. 186, §14, and may not be dispossessed without judicial process.
DENIED.
6. The evidence at trial warrants a finding that a landlord/tenancy' agreement existed between plaintiff and defendant.
ALLOWED, but I do not so find.
8. The evidence at trial warrants a finding that defendants dispossessed plaintiff from her rental unit without benefit of judicial ■ • process, in violation of M.G.L.C. 186, § 14.
DENIED.
1. The plaintiffs claim for damages herein is predicated upon that portion of G.L.e. 186, § 14 which provides:
any lessor or landlord who directly or indirectly interferes with the . quiet enjoyment of any residential premises by the occupant, or who attempts to regain possession of such premises by force without benefit of judicial process ... shall also be liable for actual and consequential damages or three month’s rent, whichever is greater, and the costs of the action, including a reasonable attorney’s fee.
It was thus incumbent upon the plaintiff to establish her status as an “occupant” of 297 Crescent Street within the purview of G.L.C. 186, § 14 to be entitled to a recovery.
In general parlance, an occupant is “one who has the actual use, possession or control of a thing.” BLACK’S LAW DICTIONARY (4th Ed. 1968). As a statutory term, the word “occupant” must be defined in the G.L.c. 186, §14 context of a legislative imposition of civil and criminal liability upon landlords for interference, with or termination of, lawful possessory interests. See, e.g., as to statutory construction, Attorney General v. School Comm. of Essex, 387 Mass. 326, 337 (1982). The term “occupant” in such context may be deemed synonymous with the term “tenant.” An “occupant” or “occupier” thus signifies “not ’merely the person who physically occupies the building, but the person who occupies it as a tenant.. .. ” Cunningham v. Cambridge Sav. Bk., 138 Mass. 480, 481 (1885). See also G.L.C. 64G, § 1[2]; Wright v. Newton, 130 *74 Mass. 552, 554 (1881). This construction is consistent with the practical terms of the statute in question. As damages may be measured on the basis of rent, it may be assumed that an “occupant” is one who pays rent; that is, a tenant.
Given the absence of a written lease in the case at bar, the plaintiffs qualification as a G.L.c. 186, § 14 occupant of the rooming house in question was therefore contingent upon evidence of the creation of a tenancy at will.[3] A tenancy at will “arises out of an agreement, express or implied, by which one uses and occupies the premises of another for consideration — usually the payment of rent. The relation between the tenant and the landlord is contractual.” Williams v. Seder, 306 Mass. 134, 136 (1940). See also Connors v. Wick, 317 Mass. 628, 630 (1945). The existence of a tenancy at will may be determined from evidence of a direct agreement between the parties or may be inferred from the parties’ conduct. Ames v. Beal, 284 Mass. 56, 59 (1933); Spencer & Son Co. v. Merrimac Valley Power & Bldg. Co., 242 Mass. 176, 180 (1922). The creation of a tenancy at will customarily presents a question of fact for the trial court. Moscow v. Robinson, 276 Mass. 16, 18 (1931); Staples v. Collins, 321 Mass. 449, 451 (1947).
The trial court’s disposition of plaintiffs requests for rulings 1, 2 and 6 constituted a finding that no landlord/tenant relationship cognizable under G.L.C. 186,.§14 arose between the parties herein. Said finding is easily sustained on a reasonable view of the reported evidence. Defendant Joanne Boudreau unequivocally denied any conversation or agreement between the parties as to the commencement of a tenancy or as to the plaintiffs continued use of th'e premises. It is elementary that the mutual consent of both parties is the sine qua non of a tenancy at will. See, e.g., Rubin v. Prescott, 362 Mass. 281, 284-285 (1972); Iorio v. Donnelly, 343 Mass. 772 (1961). The defendant also testified that no rent was demanded of, or paid by, the plaintiff during her stay on the Crescent Street premises. The payment and acceptance of rent are prima facie proof of the creation of a tenancy at will. Gordon v. Sales, 337 Mass. 35, 36 (1958). The trial justice was, of course, free to disbelieve the conflicting oral testimony advanced by the plaintiff, and apparently did so. See generally, Hamilton v. Hamilton, 325 Mass. 278, 279 (1950); Moroni v. Brawders, 317 Mass. 48, 56 (1944); Tobin v. First Count, Inc., 1981 Mass. App. Div. 129, 131.
The plaintiff has relied primarily on the defendant’s handwritten notation on the rent receipt of July 1, 1981 as dispositive proof of the defendants’ consent to the plaintiffs occupancy of the premises in question. The utilization of the term “tenant” in such notation was, however, at best ambiguous. The July 1,1981 rent receipt was issued prior to Robert Walton’s vacation of the premises; and recorded a rent payment made by Robert Walton. The report is devoid of any evidence that the receipt and accompanying notation were delivered to the plaintiff or written by the defendant in response to a conversation with the plaintiff. A reasonable construction of the language utilized merely suggests the defendants’ desire to have the premises vacated by September 25,1981 because of the insalubrious affect on the infant permitted by Robert Walton to reside in a one room apartment. Contrary to the plaintiffs assertion, a rational inference thus arises that the term “tenant” pertained not to the plaintiff, but to the only rightful occupant *75 of the premises known to the defendants; namely, Robert Walton. The resolution of any ambiguity in the receipt notation, and the weight to be accorded this evidence, were matters within the exclusive province of the trial justice.
On the basis of the foregoing, we find no error in the trial court’s disposition of requests for rulings number 1, 2 and 6.
2. There was also no error in the trial justice’s disposition of plaintiffs requests for rulings number 3 and 8.
To the extent the G.L.c. 186, § 14 word “occupant” may be equated with the term “tenant at will,” request for ruling 3 stated an incorrect proposition of law and was properly denied. See, e.g., Dygon v. Big Y Foods, Inc., 45 Mass. App. Dec. 159 (1970). A tenancy at will is a personal interest which cannot be assigned or conveyed to a third party. See, e.g., Ferrigno v. O’Connell, 315 Mass. 536, 537 and cases cited. No independent agreement with Walton could thus per se have accorded the plaintiff the status of an occupant of the premises in question, or created a landlord/tenant relationship between the plaintiff and defendants.
Request for ruling number 8 was improperly predicated on assumed facts neither found by the trial justice nor required by the reported evidence; namely, plaintiffs occupation of a “rental” unit and her dispossession therefrom by the defendant. A request based on such assumed facts is properly denied. See, e.g., Stein v. Almeder, 253 Mass. 200 (1925).
3. There being no error, the report is dismissed.

 With particular reference to rooming houses, the Legislature has defined the term “occupant" in G.L.c. 64G§ 1 as “a person who, for a consideration, uses, possesses or has a right to use or possess any room or rooms.... (emphasis supplied) "which definition, as a practical matter, renders the term occupant synonymous with tenant.

 The plaintiff has neither argued, nor even cited, G.L.C. 186, § 17 and we construe such ommission as a waiver of any claim under this statute. Dist./Mun. Cts. R. Civ. P. Rule, 64(f); Weinstein v. Steigman, 1983 Mass. App. Div. 288, 290. As the plaintiff paid no rent and apparently remained on the premises for less than three months, no tenancy at will would in any event have arisen solely by operation of this law.